CASTLEBERRY vs. THE CITY OF ATLANTA.

1. In a suit for damages to property resulting from grading a sidewalk and destroying shade trees, if the charge had made the entire case, not only as to the damage to the shade trees, but also to the whole property, turn on negligence in the work, this would have been error; but although one paragraph of the charge may bear this interpretation, yet construed in connection with the balance of the charge, it must have been a mere inadvertence or slip, which could hardly have misled the jury, and will not necessitate a new trial.

2. The jury have a right, in arriving at a verdict, to make inferences from the facts proved. Therefore, where damage to a property owner was alleged to have resulted from grading the sidewalk, and it was shown that the property had largely increased in value, but it was not absolutely certain what caused it, although the weight of evidence may have been to show that it resulted from the erection of a railroad depot near by, the question was properly left to the jury.

3. Where exception was taken to remarks of counsel outside of the evidence, and it appears from a note of the presiding judge that counsel was checked as soon as possible, and no longer persisted in such allusions, there is no error which will be considered by this court. If there was any injury, it was cured below.

4. Shade trees on the sidewalks and streets of a city belong to it, and in grading the streets and sidewalks, they may be removed if necessary; and an adjoining property owner certainly cannot recover therefor unless such damage was caused by negligence or carelessness in the work

5. The jury having found for the defendant, and the presiding judge having approved the finding, this court will not interfere.

February 7, 1885.

Municipal Corporations. Streets and Sidewalks. Damages. Verdict. Attorney and Client. Practice in Superior Court. Charge of Court. Before Judge DORSEY. City Court of Atlanta. December Term, 1883.

Castleberry brought suit against the city of Atlanta, alleging that the defendant had lowered the grade of Peters street in front of his property, and had dug down the sidewalk, leaving the foundations of plaintiff's buildings exposed, making ingress and egress to and from the property more difficult, and injuring its value for rent, and damaging it; also killing his shade-trees. He laid his damages at two thousand dollars.

On the trial, the evidence on behalf of the plaintiff was, in brief, as follows: He owned the property alleged to be damaged. In 1882, the city of Atlanta lowered the grade of Peters street and dug down the level of the sidewalk in front of plaintiff's property from eighteen inches to two feet On the corner was a store. In regard to the injury done to it, the plaintiff testified that the entrance was left about eighteen inches above the level of the sidewalk. "I think that store-house is worth a thousand dollars less than it was before; I think it would take a thousand dollars to repair it and place it back as it was." The brick wall on which the fence sat was undermined, and it was necessary to make additional steps to go into the residence. In his opinion, the other property was damaged one thousand dollars. The work rendered the property almost worthless for rent, and it has not been rented much since the work was done. About the time, or shortly after, the grading was done, plaintiff leased the property to a company for ten years, at an aggregate rental of $13,800. The rent began at $100.00 per month for a time, then rose until it reached $150.00. He had nothing to do with the sub-renting at the time of the suit. He sold a portion of the property to the East Tennessee, Virginia and Georgia Railroad, valuing it at $10,000.00. The railroad located its yards

and switches on the property bought by it, and the lease by plaintiff was made to a transfer company. Plaintiff has not done any work on the brick store, and will not have to make any repairs, under his lease, for ten years. Before the lease, he was getting for the brick store twenty dollars per month, and the property was worth in the aggregate for rent sixty-five dollars per month, exclusive of his residence, which was valued at twenty-five dollars per month for rent. Other witnesses testified to the digging down of the street, the lowering of the sidewalk and the injury to the property for rent, substantially as the plaintiff did. One witness testified that it would cost between eight hundred and one thousand dollars to put the brick building in repair as it was, and to put a solid foundation below the sidewalk, as it was before, and that the damage to the other building would be six or seven hundred dollars. He did not think that it was rented much for the last two or three years; did not know the cause, but supposed that it was because of the difficulty in getting to it. He had known it for sixteen or seventeen years before, and it was always rented. The injury to the fence required a brick wall, the cost of which would be two or three hundred dollars. He estimated the damage to the store at what it would cost to put it back as it was. Another witness testified that if the work was not done on the wooden store-house at once, it would not rent at all, but they were leased then, and the plaintiff had nothing to do with that work. Another witness, who testified to similar facts, was asked if he estimated the value of the property at what it would rent for, and answered in the affirmative. Then he was asked, " Suppose it rented for say $150.00 before this work was done and for $200·00 now, what would you say about the value of it?" Answer: " I should think the increase in the value of property would be represented somewhat by the increase of rents in the city." On being recalled, the plaintiff testified that the digging down of the street and sidewalk had been done

before the lease was made, and that he could have got more but for the grading.

The defendant introduced no testimony.

The jury found for the defendant. Plaintiff moved for a new trial on the following grounds:

(1.) Because the verdict is contrary to evidence, law and the principles of equity and justice.

(2.) Because the court charged as follows: " The plaintiff alleges further that the defendant negligently dug down the sidewalk in front of his property on Peters street, and that this damaged him one thousand dollars." The court, in a subsequent part of his charge, said, " If the plaintiff, by the evidence, has shown to your satisfaction that he owned the property in question, and the defendant, by its servants and agents, in the manner as charged in the declaration, has damaged said property, as charged, etc., you will be authorized to find for the plaintiff." The error complained of here is that the court told the jury that the plaintiff had charged that the defendant negligently dug down the street; and if the evidence showed that it was done, as charged, then plaintiff might recover. The plaintiff did not charge in his declaration that said work was negligently done It was not necessary to prove that it was negligently done, and the court erred in submitting that question to the jury.

(3.) Because the court charged as follows: " If the property was worth less after the work was done than it was before, then you would be authorized to find a verdict for Mr. Castleberry for the amount you believe, from the evidence, the property was worth less than it was before. If, on the other hand, the property was worth as much, equal in value, or if it were worth more after this work was done, and if this enhanced value can be attributed, or was the result of the work that was done by the defendant, then the plaintiff could not recover, and it would be your duty to find for the defendant."—The objection was that there was no evidence on which to base this charge.

(4.) Because the court allowed the defendant's attorney, in his concluding speech to the jury, over plaintiff's objection, to use the following language: "The work done on Peters street by the city was the cause of Mr. Lowe's property and Mrs. Haslett's property and everybody else's property in that neighborhood advancing twenty-five per cent in value."—The objection was that there was no evidence that any property in the neighborhood had advanced in value. [The court certified, in connection with this ground, that counsel for plaintiff objected to the argument of counsel for defendant as stated; and that the court said that counsel knew the rule and must confine his argument to the evidence, but had the right to draw conclusions from it; to which counsel for plaintiff assented, but stated that this was not what he objected to; and the argument proceeded without further objection.]

(5.) Because the court charged as follows: "As to the shade-trees, I instruct you, gentlemen, that the city has the right to grade its streets and side-walks, and when the parties have placed shade-trees on the sidewalks, the city, in doing its work of grading its streets and sidewalks, would not be liable for the value of the shade-trees destroyed or damaged, unless said work was done carelessly or negligently, and in this case, it is conceded by plaintiff that said work was not done carelessly or negligently."

(6.) Because the verdict is contrary to the following charge: "The point I desire to impress upon you, then, is this, that if the property has been damaged, and afterwards it has increased in value, and if that increase in wealth, that enhancement in value, is not the result of the work done by the city, if what the city did did not increase the value of the property, then the city would not be exempt from a verdict, if the property increased in value from other cause."

(7.) Because the verdict is contrary to the following charge: "The question for you to determine is whether or not there has been any depreciation or lessening in the

value of the plaintiff's property by reason of doing the work complained of in plaintiff's declaration."

The motion was overruled, and plaintiff excepted.

T. P. WESTMORELAND ; JAMES A. GRAY, for plaintiff in error.

E. A. ANGIER ; W. T. NEWMAN, for defendant

JACKSON, Chief Justice.

This action was brought by Castleberry against the city, to recover for damage done his property by grading the sidewalk.

1. The first ground of error is, that the court, in its charge to the jury, made the whole case,—not damage to the shade-trees only, but to the whole property of the plaintiff in error, turn on the point of negligence in the work. If this were so, it would be clear error, but, on a careful examination of the whole charge, it is manifest that the judge confined the issue of negligence to the shade-trees. There is one paragraph of the charge, which, by itself, would bear the interpretation of plaintiff in error, but, construed in connection with all the rest, it must have been a mere inadvertence or slip, and could hardly have misled the jury.

2. Another exception is taken to the charge in respect to the increase of value of the property of plaintiff in error, whether caused by the grading of the street or the location of a depot in the neighborhood, on the ground that there is no evidence to support it. There is abundant evidence of a large increase in value of plaintiff's property, and the issue whether it was increased by the railroad depot or by the new grading was submitted to the jury. Something caused it; what, is not absolutely certain. The weight of evidence is with the railroad depot, as the increased rents commanded arose from a ten year lease to the company ; and that the grade helped, is rather inference and argument

than proof; but the right of a jury to argue and infer, and that its verdict is compounded of logic with law and fact, have been decided by this court. Therefore there are threads on which the charge may hang.

3. Where the court in a note explains its action in respect to the mode of argument of counsel, showing that he was checked as soon as possible, and no longer persisted in allusions outside of the testimony, there is no error which will be considered in this court. It was cured below, if there was hurt.

4. We think that shade-trees on the city's sidewalks and streets belong to the city, and in grading the streets and sidewalks, they may be removed, if necessary to the grading. There was no error in charging to that effect, and in charging that damage resulting from their being killed must have been caused by neglect and carelessness in the work.

While there is a degree of convenience and comfort about the shade-trees on sidewalks fronting a house, yet these must yield to the control of the city authorities over the public walks; and the court certainly went to the extreme of the law, when it authorized damage for negligently and carelessly killing them.

5. The real question in the case at last is this, does the evidence support the verdict? Our minds hesitated much on the point; but in view of the fact that the evidence of plaintiff mostly goes to the cost of repairing his property, rather than to deterioration of market value, and most of it is leased for ten years, free from taxes and repairs, and as it is a case where the plaintiff's property seems clearly to have increased in value, a sort of *damnum absque injuria* case, and inasmuch as the court and jury below both concurred that plaintiff is not hurt, and as his property really has grown in value, we conclude to let the verdict stand.

Judgment affirmed.