WHITE, administrator, vs. HAMMOND.

The credit of witnesses is for the jury. If the jury believed the plaintiff's witnesses, the verdict was not without evidence to support it. In construing and applying testimony, reasonable inferences and deductions may be made, and conclusions may be reached that lie quite beyond the mere letter of the evidence.

April 6, 1887.

New Trial. Evidence. Verdict. Before Judge BROWN. Cherokee Superior Court. August Term, 1886.

Dr. J. F. Hammond brought complaint against T. M. White, administrator of Mrs. Mary M. Allen, deceased, on an open account containing numerous items, some for visits and treatment, some for medicine, and a number for visits and medicine, aggregating $85; also on an account for visits, treatment and medicines for Mrs. Allen's minor daughter, bringing the total to $103. The defendant pleaded the general issue and payment.

On the trial, the plaintiff introduced two physicians, who testified to the reasonableness of the charges for the character of the services sued .for, but knew nothing as to whether they were rendered or not. A druggist testified to the reasonablness of the charges; that he sold the medicines; that sometimes Mrs. Allen would pay and sometimes the plaintiff; that he could not say how much 'medicine went to Mrs. Allen which was paid for by the plaintiff; that the label indicated that it was' for her; that he knew the disease for which she was being treated and knew the medicine to be expensive; that he derived none of his information from the plaintiff, only such as he derived from preparing the prescriptions. Another witness (a Mrs. Kennedy) testified that she lived near Mrs. Allen and was at her house almost daily during her sickness; that the plaintiff attended her at least eight weeks, often paying two or three professional visits during the day and night; that Mrs. Allen had two other physicians treating her before she called in the plaintiff; that witness heard her say several times that the plaintiff was doing all any one could do for her, and she was pleased with him; that the entire family also seemed pleased, except a daughter, Louella, who seemed to dislike him; that Mrs. Allen often sent to the house of witness to get the latter's daughter to go for plaintiff, and seemed to be dissatisfied unless he was with her; that witness never heard her say she had paid plaintiff anything, but heard her say she hoped he would be lenient with her and not charge her as others had done; also that he had never asked her for money; that plaintiff attended Mrs. Allen's daughter during a spell of fever and cured her, and the family expressed satisfaction with him; that witness had opportunity to know, but did not know, of any other doctor's being called in; that plaintiff's treatment of Mrs. Allen extended over about a year, but witness could not tell the number of visits and knew nothing as to the charges or their justness; never heard any complaint of plaintiff's having called too often

or staid too long, but heard Mrs. Allen say he did not come quickly enough when she sent for him.

For the defendant, Miss Louella Allen, the daughter of the decedent, was introduced and testified, in brief, as follows: Plaintiff visited witness only once during her illness; next day he was sent for, and failing to come, another doctor was called in. Plaintiff furnished no medicine for witness, but gave a single prescription which was filled at a drug-store. Her mother was not pleased with the plaintiff. She is familiar with the services rendered her mother; cannot say positively that all were paid for, but believes they were, because on several occasions she saw her mother pay him $5 or $10 at a time. On these occasions, Mrs. Allen would ask the plaintiff the amount of his bill, and he would usually reply that he had not made it out, but would do so soon. He stated, on more than one occasion when asked about the account, that he did not know whether Mrs. Allen owed him anything; that perhaps she had fully paid or overpaid him. He never presented his bill during her lifetime. The account sued on is not correct or due. The visits charged for never were made, except a comparatively small number. Witness was with her mother and had opportunity for knowing, and plaintiff could have furnished very little medicine without the knowledge of witness; she never knew of any medicines being so furnished. Several items of the account are dated after plaintiff's last professional visit to Mrs. Allen, who was not pleased with plaintiff and never said so in the presence of witness; had she made such a statement, witness would have known it. Plaintiff rendered very little service to Mrs. Allen, only a few visits; and witness does not know what they were worth. Mrs. Kennedy lived about 250 yards distant and around a corner from Mrs. Allen. Her character is bad, and from it witness would not believe her on oath.

The jury found for the plaintiff $58.50. The defendant moved for a new trial on the ground that the verdict was

contrary to law, evidence, the weight of the evidence and the charge of the court to effect that, before the plaintiff could recover, he must prove that the visits were made and the medicine furnished as alleged.

The motion was overruled, and the defendant excepted.

C. D. MADDOX, by brief, for plaintiff in error.

H. W. NEWMAN, by brief, for defendant.

BLECKLEY, Chief Justice.

This case presents no legal question, simply a question of fact; and we dispose of it in this brief summary as a complete opinion:

The credit of witnesses is for the jury. If the jury believed the plaintiff's witnesses, the verdict was not without evidence to support it. In construing and applying testimony, reasonable inferences and deductions may be made, and conclusions may be reached that lie quite beyond the mere letter of the evidence.

Judgment affirmed.