## ALICE FALLO
vs.
## THE N. Y., N. H. &H. R. R. CO.

Superior Court      Fairfield County      File #42395

Present:   Hon. PATRICK B. O'SULLIVAN, Judge.

Dwyer & Smith,            Attorneys for the Plaintiff.

E. R. Brumley,            Attorney for the Defendant.

123 Conn. 81      **MEMORANDUM FILED AUGUST 14, 1936.**

O'SULLIVAN, J. On April 16, 1933, the plaintiff, a minor of the age of two years, was riding in an automobile traveling easterly through the Town of Fairfield, on the Old King's Highway. At the situs of the accident subsequently referred to, this highway parallels to the South the main railroad line of the defendant. When the automobile had reached a point about ninety feet from and ten feet above the level of the nearest of the four railroad tracks, an iron bolt weighing well over a pound crashed through a window on the left side of the automobile and hit the plaintiff on the head causing extremely severe injuries. A passenger train, headed easterly, was in the act of passing at the time. There was no traffic upon the highway nor was anyone in the immediate vicinity. The bolt, which was shiny as though it had been in recent use, was of a standard type used by the railroad as a part of the regular device for braking passenger coaches and freight cars.

The jury returned a verdict in favor of the plaintiff, which the defendant now moves to set aside on the ground that the facts fail to set in motion the doctrine of res ipsa loquitur, upon which, concededly, the case was decided and without which, the case must fall. The further claim in support of the motion that the verdict was excessive deserves no comment other than that the child's injuries thoroughly justify the Jury's notion of proper compensation.

The three conditions which form a basis for the application of the doctrine of res ipsa loquitur are, first, that the situation, condition or apparatus must be such that in the ordinary instance no injury would result unless from a careless construction, inspection, or use; secondly, both inspection and use must have been at the time of the injury in the control of the party charged with neglect; and, thirdly, the injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured. **Briganti vs. Connecticut Co., 119 Conn., 316.**

The defendant does not challenge the existence of the first and third conditions. It does insist, however, that the facts fail to establish the second condition. Its line of reasoning is that as the evidence must establish that the bolt was under the control of the defendant, and as, conceivably, it might have been thrown by an individual or tossed up by the train after some mischievous youngster had placed it upon the track, an uncertainty exists which destroys all possibility for reasoning minds of a jury to conclude that the bolt slipped from its proper place and through some odd maneuver was hurled in the manner described.

The defendant, however, overlooks the natural right of a jury to draw from proven facts such inferences as are reasonable and logical. The existence of the second condition need not be established through direct evidence. Proper inferences may supply the missing gaps. Indeed, it is the law of this State that inferences may rest on other inferences drawn from proven facts. **Ruerat vs. Stevens, 113 Conn., 333.**

Hence the problem of this case depends on the answer to the query as to whether the proven facts with their logical inferences establish the existence of the second condition. The passage of a train, the hurling of a bolt from the direction of the train, the condition of the bolt which gave every appearance of having been in immediate use, the absence of other traffic on the highway and of any person in the immediate vicinity to cause the bolt to fly through the air, the bolt being of a type used by the defendant in its mechanical equipment, the absence of a cotter-pin from a hole in the bolt which would permit its eventually falling from its proper place, all these, among other proven facts, point with reasonable logic to the inference that the bolt was a part of the train's braking mechanism and through some fortuitous cause

fell from its moorings to be flicked toward the moving automobile. The Jury could reasonably infer from the proven facts such other facts as establish the existence of the second condition essential to the applicability of the doctrine in question.

Accordingly, the motion is denied.