30258.  DALTON COCA-COLA BOTTLING CO. *v.* WATKINS.

Decided March 2, 1944.  Rehearing denied March 16, 1944.

*Hardin & McCamy,* for plaintiff in error.

*R. Carter Pittman,* contra.

Sutton, P. J.  This was a suit by Mrs. Fannie Watkins against the Dalton Coca-Cola Bottling Company to recover damages alleged to have been sustained by her from drinking a bottle of coca-cola, the contents of which she contended had become polluted and poisonous from a brass safety pin alleged to have been sealed up in the bottle of coca-cola by the defendant bottling company. This

case has been here once before, and a statement of the case as there presented is reported in 66 *Ga. App.* 848 (19 S. E. 2d, 316). It was there held that the evidence would have authorized a verdict for the plaintiff, and that the court erred in granting a nonsuit. On the second trial a verdict was rendered in favor of the plaintiff, the defendant made a motion for a new trial, which was overruled, and the exception here is to that judgment.

■ On the last trial the plaintiff amended her petition by further alleging "that the defendant was negligent in selling the bottle of coca-cola heretofore referred to with a visible foreign object sealed therein." The defendant amended also by striking paragraph 3 of its answer wherein it was admitted that it owned and operated a vending machine at the plant of the Blue Ridge Spread Company in Dalton, from which it sold coca-cola, a beverage made and bottled by the defendant for public consumption; and in lieu thereof admitted that it owned a vending machine at the plant of the Blue Ridge Spread Company in Dalton, and that coca-cola was bottled by the defendant company for public consumption.

The evidence for the plaintiff on the second trial was substantially the same as it was on the first trial, and it has already been adjudicated by this court that such evidence was sufficient to authorize a verdict in favor of the plaintiff. There was evidence for the defendant to the effect that the latest improved machinery and modern methods were used by it in bottling coca-cola and the evidence in this respect was such that the jury could have found that the defendant exercised ordinary care and diligence in the bottling of coca-cola. There was evidence for the defendant by a chemist of long experience to the effect that he was familiar with the chemical analysis of coca-cola; that he had had occasion at the instance of the manager of the defendant company to analyze a bottle of coca-cola in which a safety pin had been bottled. He then gave the result of his analysis, and testified that there is not any sort of chemical acid in coca-cola which would in chemical reaction upon a brass safety pin form any sort of poison, etc. It is contended by the defendant that the safety pin did not get into the bottle of coca-cola by any act of the defendant, or through any negligence on its part; and it is further contended that the evidence fails to show that the bottle of coca-cola in question was ever bottled or sold by the defendant to the plaintiff. But we are of the

opinion that the jury was authorized to find from the evidence and the inferences to be drawn therefrom, including the admissions of the defendant in its answer, which were introduced in evidence by the plaintiff, that the bottle of coca-cola in question was bottled by the defendant and sold by it through its vending machine to the plaintiff; and that the safety pin got into the bottle of coca-cola as the result of some one's negligence at or before the time it was bottled and capped. It was held when the case was here before: "The evidence would have authorized the jury to find, under the doctrine of res ipsa loquitur, that the safety pin was bottled and capped in the bottle of coca-cola as the result of the defendant's negligence." The doctrine of res ipsa loquitur is simply a rule of evidence, which permits an inference to be drawn from proved facts. The Code, § 38-123, declares: "In arriving at a verdict, the jury, from facts proved, and sometimes from the absence of counter evidence, may infer the existence of other facts reasonably and logically consequent on those proved." As above stated, the evidence for the plaintiff on the first trial was substantially the same as it is now, and it was held by this court in its former decision of this case: "A jury would have been authorized to find from the evidence that the brass safety pin was in the bottle of coca-cola at the time the plaintiff purchased and drank it. There was evidence authorizing the inference that the plaintiff's illness, which followed shortly after she drank this coca-cola, was caused by the safety pin having been in the bottle of coca-cola. It appeared from the evidence that brass or zinc coming in contact with hydrochloric acid will form a zinc chloride that is poison, and that hydrochloric acid is supposed to be present in the stomach at all normal times. The jury were authorized to find that the plaintiff's illness was similar to an illness ordinarily produced by either zinc chloride or copper sulphate poisoning, which could be caused by a corroded brass safety pin which the plaintiff testified was in the bottle of coca-cola. There was evidence to the effect that the plaintiff's illness might have been the result of such poisoning."

Under the evidence and the ruling of this court when the case was here before, the verdict in favor of the plaintiff was authorized.

■ Grounds 3 and 4 of the motion for a new trial assign error on the following charges: "I charge you that where something unusual happens with respect to a defendant's property over which

the defendant has control, an inference may arise that the injury was due to the defendant's negligence. The inference which may in some cases arise from an unexplained occurrence which has worked an injury to another, that the defendant who had in charge the instrumentality which was the direct cause of the injury was guilty of negligence, may or may not be drawn by the jury, but like a fact of negligence, or no negligence, the inference which the jury may be authorized to draw is peculiarly an inference of fact, and is peculiarly for the jury to determine under all the surrounding facts and circumstances as you find them to have existed at the time;" and, "I charge you that where an event is unusual and extraordinary in its nature, and there is nothing to indicate an independent efficient cause, but the peculiar character of the event is sufficient within itself to indicate that it must have been brought about by negligence upon the part of someone, and where the most reasonable and probable inference that can be rationally drawn from the happening of such an event is that it would not and could not have taken place had the person or company charged with the manufacture of the instrumentality causing the injury alleged to have followed such an event been guilty of the particular acts or omissions set forth by the plaintiff as constituting the actual cause, then the jury is authorized to apply the rule of evidence known as the doctrine of res ipsa loquitur in determining whether or not the accident must have been thus occasioned." These charges were not erroneous, but were applicable to the issues under the evidence in the case. In this connection see the following cases in which the doctrine of res ipsa loquitur was involved and discussed. *Claxton Coca-Cola Bottling Co.* v. *Coleman,* 68 *Ga. App.* 302 (22 S. E. 2d, 768); *Macon Coca-Cola Bottling Co.* v. *Crane* 55 *Ga. App.* 573 (190 S. E. 879); *Albany Coca-Cola Bottling Co.* v. *Shiver,* 63 *Ga. App.* 755 (12 S. E. 2d, 114); *Atlanta Coca-Cola Bottling Co.* v. *Dean,* 43 *Ga. App.* 682 (160 S. E. 105). The ruling made as to these two grounds of the motion is also applicable to special grounds 2, 5, and 10, which contend that the doctrine of res ipsa loquitur was not applicable under the facts.

■ It is contended in special ground 11 that the following charge was error, in that it was confusing to the jury and was an intimation of opinion by the court that the safety pin was present

in the bottle of coca-cola: "I charge you, gentlemen, that under the pleadings in this case, the plaintiff must prove by a preponderance of the evidence that the safety pin alleged and present in the bottle of coca-cola, that it was either negligently placed, or negligently permitted to remain in the bottle of coca-cola in the process of manufacturing it, and that the safety pin, by reason of action, chemically or otherwise, upon the safety pin produced a poisonous concoction which caused the plaintiff to become ill. I charge you that if the plaintiff fails to prove this under the evidence in the case by a preponderance of the evidence, she would not be entitled to recover, and you should find for the defendant." We do not think this charge was confusing to the jury; and, while it was inapt for the court to use the word "and" between "alleged" and "present," we do not think it can reasonably be said, under the facts of the case, that this was harmful to the plaintiff in error.

█ No error is shown in any of the other special grounds of the motion.

█ The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Parker, J., concurs.*

FELTON, J., dissenting. Paragraph 3 of the petition is as follows: "On or about the 2nd day of December, 1940, plaintiff purchased from the defendant, through a vending machine owned and operated by the defendant, at the place of business of Blue Ridge Spread Company in the City of Dalton, a bottle of coca-cola, a beverage made and bottled by the defendant for public consumption, and which the defendant represented to be wholesome, harmless, and refreshing. Petitioner drank said coca-cola from the bottle, and after doing so, discovered therein a large open safety pin. Said safety pin was pitted and corroded with an oxide of zinc and copper." The original answer of the defendant answered the above paragraph of the petition in paragraph 3 of the answer as follows: "In answer to paragraph 3, defendant admits that it owns and operates a vending machine at the plant of Blue Ridge Spread Company in the City of Dalton, from which it sells coca-cola, a beverage made and bottled by defendant for public consumption; that coca-cola is a wholesome, harmless, and refreshing beverage, and is so represented by defendant; defendant can neither admit nor deny that plaintiff purchased a bottle of coca-cola from

said machine on the date alleged, because of lack of sufficient information; defendant denies the remaining allegations of said paragraph." The defendant amended its answer by striking all of paragraph 3, and substituting in lien thereof the following paragraph: "Defendant admits that on or about the 2nd day of December, 1940, defendant owned a vending machine at the place of business of Blue Ridge Spread Company in the City of Dalton. It admits that coca-cola is bottled by defendant for public consumption, and that said coca-cola is a wholesome, harmless, and refreshing beverage. The remaining allegations of said paragraph are denied." Under the evidence the jury was authorized to find that the defendant operated the vending machine *or* that the Blue Ridge Spread Company operated it. The charge discussed in division 2 of the majority opinion was erroneous, because the evidence did not authorize the application of the rule of res ipsa loquitur if the jury believed from the evidence that the plaintiff purchased the coca-cola from a vending machine operated by the spread company, for the reason that there was no evidence to exclude possible negligence of the spread company in handling the coca-cola after it left the possession of the defendant. *Payne* v. *Rome Coca-Cola Bottling Co.*, 10 *Ga. App.* 762 (73 S. E. 1087); *Albany Coca-Cola Bottling Co.* v. *Shiver* (supra).. This court can not assume that the jury found that the machine was operated by the defendant in view of the exception to the charge complained of. I express no opinion on any of the other questions ruled on.