20845. MACON COCA-COLA BOTTLING COMPANY
*v.* CHANCEY.

Argued April 11, 1960—Decided May 5, 1960—Rehearing denied May 18, 1960.

*Miller, Miller & Miller, Popper & Popper,* for plaintiff in error.
*S. Gus Jones, Neal D. McKenney, Jones & McKenney, Durward B. Mercer,* contra.

MOBLEY, Justice. ■ In the petition for certiorari, exception is made to the ruling of the Court of Appeals affirming the following charge: "I charge you that where something unusual happens with respect to a defendant's property, over which the defendant has control, an inference may arise that the injury was due to the defendant's negligence. The inference which may in some cases arise from an unexplained occurrence, which has worked an injury to another, that the defendant who had in charge the instrumentality which was the direct cause of the injury was guilty of negligence, may or may not be drawn by the jury, but, like a fact of negligence or no negligence, the inference which the jury may be authorized to draw is peculiarly an inference of fact, and is peculiarly for the jury to determine under all the surrounding facts and circumstances as you find them to have existed at the time and place of this alleged occurrence.

"I charge you further that where an event is unusual and extraordinary in its nature, and there is nothing to indicate an independent efficient cause, but the peculiar character of the event is sufficient within itself to indicate that it must have been brought about by negligence upon the part of someone, and where the most reasonable and probable inference that can be rationally drawn from the happening of such an event is that it would not and could not have taken place had not the company charged with the manufacture of the instrumentality causing the injury alleged to have followed such an event been guilty of the particular acts or omissions set forth by the plaintiff, as con-

stituting the actual cause, then the jury, in your judgment and discretion, would be authorized to apply the rule of evidence known as the doctrine of res ipsa loquitur in determining whether or not the accident must have been thus occasioned."

Code § 38-123 provides: "In arriving at a verdict, the jury, from facts proved, and sometimes from the absence of counter evidence, may infer the existence of other facts reasonably and logically consequent on those proved." The doctrine of res ipsa loquitur is embraced in this section and its application authorized by it. *Cochrell* v. *Langley Mfg. Co.*, 5 *Ga. App.* 317, 322 (63 S. E. 244). The section is a codification of the rules laid down in *Brown* v. *Matthews*, 79 *Ga.* 1, 8 (4 S. E. 13), where Justice Bleckley, speaking for the court, said: "Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts"; and in *White* v. *Hammond*, 79 *Ga.* 182 (4 S. E. 102), where the court said: "In construing and applying testimony, reasonable inferences and deductions may be made, and conclusions may be reached that lie quite beyond the mere letter of the evidence"; and in *Beall* v. *State*, 68 *Ga.* 820 (1), and *Castleberry* v. *City of Atlanta*, 74 *Ga.* 164 (2), where the court held that the jury might make inferences from the facts proved.

While, as stated by Judge Hill in *Cochrell* v. *Langley Mfg. Co.*, 5 *Ga. App.* 317, 322, supra, the maxim res ipsa loquitur "has been a prolific inspiration to much useless and wasted juridic erudition," and there is confusion as to the subject among the courts of this country, as further pointed out by Judge Hill, "Practically . . . the doctrine is simply a rule of circumstantial evidence, which permits an inference to be drawn from proved facts. It furnishes a working basis for reasonable hypothetical conjecture, and gives scope for legitimate reasoning by the jury."

Judge Jenkins, speaking for the court, said in *Atlanta Coca-Cola Bottling Co.* v. *Danneman*, 25 *Ga. App.* 43 (1) (102 S. E. 542): " . . . where the event is unusual and extraordinary in its nature, and there is nothing to indicate an external cause, but the peculiar character of the accident is sufficient within itself to indicate that it must have been brought about by negli-

gence on the part of someone, and where the most reasonable and probable inference which can be rationally drawn from the happening of such an event is that it would not and could not have taken place had not the person charged with furnishing or maintaining the instrumentality causing the accident been guilty of the particular acts or omissions set forth by the plaintiff as constituting the actual cause, then the jury is authorized to apply the rule of evidence known as the doctrine of res ipsa loquitur, in determining whether or not the accident must have been thus occasioned (*Central Railway Co.* v. *Blackman,* 7 *Ga. App.* 766 (5), 68 S. E. 339); and if the jury should decide that it had been thus brought about, and should further determine that such casual acts or omissions on the part of the defendant constituted negligence, then the plaintiff would be entitled to recover. *Augusta Railway & Electric Co.* v. *Weekly,* 124 *Ga.* 384 (2) (52 S. E. 442). The contention of plaintiff in error in this case, that the doctrine of res ipsa loquitur can not have application, unless, in the opinion of the jury, the circumstances are such as to exclude every other reasonable hypothesis as to the cause of the accident save the alleged negligence of the defendant, is met under the foregoing rule. Just as in civil cases facts are proved by a mere preponderance of evidence, so in the application of this doctrine, if in the opinion of the jury the most *reasonable* and most *probable* inference which can be drawn from the nature and character of such an extraordinary event is that it would not and could not have happened had not the defendant been guilty of the particular conduct charged, then there has been an exclusion in their minds of every other reasonable hypothesis, not by evidence, but by virtue of the peculiar nature and character of the event speaking for itself."

In *Palmer Brick Co.* v. *Chenall,* 119 *Ga.* 837, 842 (47 S. E. 329), this court said: "The maxim res ipsa loquitur is simply a rule of evidence. The general rule is that negligence is never presumed from the mere fact of injury, yet the manner of the occurrence of the injury complained of, or the attendant circumstances may sometimes well warrant an inference of negligence. It is sometimes said that it warrants a presumption of negligence; but the presumption referred to is not one of law but of

fact. It is, however, more correct and less confusing to refer to it as an inference rather than a presumption; and not an inference which the law draws from the fact, but an inference which the jury are authorized to draw; and not an inference which the jury are compelled to draw."

Applying the provisions of Code § 38-123 and the principles enunciated in the foregoing citations, which we consider sound statements of the doctrine of res ipsa loquitur and its applicability, we are of the opinion that the charge complained of was, as held by the Court of Appeals, abstractly correct and adjusted to the pleadings and the evidence in this case. The Court of Appeals has several times approved this exact charge. *Dalton Coca-Cola Bottling Co. v. Watkins*, 70 *Ga. App.* 790 (29 S. E. 2d 281); *Hotel Dempsey Co. v. Miller*, 81 *Ga. App.* 233 (58 S. E. 2d 475). The first paragraph of the charge is a statement of the ruling made in *Sinkovitz v. Peters Land Co.*, 5 *Ga. App.* 788 (2) (64 S. E. 93), and is consistent with *Chenall v. Palmer Brick Co.*, 117 *Ga.* 106 (43 S. E. 443), and *Palmer Brick Co. v. Chenall*, 119 *Ga.* 837, supra.

There is no merit in the contention that it was error for the court to fail to charge other matter in connection with the charge on res ipsa loquitur, since the charge was correct as an abstract principle of law and was adjusted to the evidence, and since there was no request for an additional charge. *Burns v. State*, 188 *Ga.* 22, 27 (1c) (2 S. E. 2d 627).

The ruling in *Moore v. Macon Coca-Cola Bottling Co.*, 180 *Ga.* 335, 342 (2) (178 S. E. 711), is not in conflict with anything held in this case; for here the trial judge did charge that, in order for the plaintiff to recover, "she must prove to your satisfaction by a preponderance of the evidence that the defendant was negligent in at least one of the particular grounds of negligence as set out in the petition, and that such negligence was the proximate cause of her alleged injuries and damages." He further charged that the defendant "is not an insurer of the wholesomeness of its beverages, but it does owe a duty to the plaintiff to exercise ordinary care in the bottling and manufacture of the same." Furthermore, there were two dissents on the ruling made in division 2 of the *Moore* case; and this court is not bound by the ruling.

■ The almost inescapable conclusion to be drawn from the existence of a foreign substance in a sealed can which, of necessity, has remained sealed prior to being opened by the consumer—or, otherwise, it would be evident that it had been tampered with—is that such substance must necessarily have been in the can at the time it was sealed. This evidence alone would be sufficient to carry the case to the jury, and the jury would be authorized to infer that the manufacturer was negligent in the foreign matter's being there. However, where, as here, the bottle was capped with a metal cap, which could be removed and replaced in such manner that detection would be difficult, the conclusion is not inescapable that the manufacturer was negligent in permitting the object to get into the bottle, for someone may have opened the bottle, placed the foreign substance in it, and replaced the cap. For that reason, it is not sufficient to carry the case to the jury for the plaintiff simply to prove that the defendant manufactured the bottle of Coca-Cola and that the object was in it when the plaintiff opened it; but, before the doctrine of res ipsa loquitur would be applicable, there must be evidence from which the jury could conclude that the bottle was in the same condition when it left the manufacturer's possession as it was when it was opened.

The theory of the res ipsa loquitur rule is that the event is so unusual and extraordinary that it would not have happened but for the negligence of someone, and that the most reasonable and probable inference that can be drawn from the happening of the event is that it would not and could not have happened had not the manufacturer been guilty of negligence. In the absence of any evidence authorizing the jury to find that the bottle was in the same condition when the plaintiff drank it as it was when it left the manufacturer, the most reasonable and probable inference would not be that it would not and could not have happened but for the negligence of the manufacturer. So we conclude that the rule announced by the Court of Appeals, that the case might be submitted to the jury on the question of the negligence of the defendant manufacturer simply upon proof of the actual presence of the foreign substance in the bottle at the time of the plaintiff's purchase, is not sound.

■ The next question presented is whether there was sufficient evidence offered by the plaintiff in this case to authorize the jury to conclude that the bottle was in the same condition when the plaintiff opened it as when it left the manufacturer. The plaintiff alleged in her petition that the bottle of Coca-Cola was in the same condition when she purchased it from Fruitticher Grocery & Market as it was when delivered by the defendant Coca-Cola Bottling Company to the market. Her case was predicated upon that premise.

There was evidence offered by the plaintiff that the owner of the store bought the Coca-Colas sold in his store from the defendant, that deliveries were made three times per week; that the ice box sat under an awning in front of and adjacent to his store; that the owner locked it at night and at all times when he left the store; that the Coca-Colas sat in racks and were taken from the racks and placed in the box at night; that they were laid flat on their sides; that either the owner or his employee, Henry Bell, filled the box each night; that this was the usual and customary routine followed in handling Coca-Colas; and that there was a turn-over of the owner's Coca-Cola stock each week. The plaintiff testified that she drove up to the store, stopped her car near the ice box, asked Henry Bell, an employee of the store who was near the box, to give her a Coca-Cola; that he reached into the box, got the Coca-Cola out, opened and handed it to her. In answer to, "Was it a full Coca-Cola?" she answered that "It looked just like any other Coca-Cola I've ever bought," that it had a cap on it, and that Bell opened it and handed it to her.

The evidence was that Henry Bell was unable to talk because of a physical handicap and that he was for that reason not used as a witness. The defendant contends that the failure of Henry Bell to testify constitutes a missing link in the evidence, as he could have opened the bottle, placed the tobacco in it, and recapped it, and that, consequently, the evidence would not support a conclusion that the bottle was in the same condition when the plaintiff opened it as when the defendant delivered it to the market. After a careful consideration of the evidence, we are of the opinion that the evidence was sufficient to support a

finding by the jury that the bottle was in the same condition. The plaintiff's testimony that the bottle looked just like any other bottle she had ever bought, that it was full, that Henry Bell reached into the box, pulled it out, opened it, and handed it to her, and the evidence that the bottles lay in the ice box on their sides, was sufficient to authorize the jury to conclude that the bottle had not been opened since leaving the defendant's plant.

The evidence was ample to authorize the jury to find that the Coca-Cola bottle was in the same condition when opened by the plaintiff as when it left the defendant Coca-Cola Bottling Company, and for the application of the doctrine of res ipsa loquitur in this case. " . . . the evidence need not be conclusive, and only enough is required to permit a finding as to the greater probability." Prosser, Law of Torts (2d Ed.) p. 205. See also Gordon v. Aztec Brewing Co., 33 Cal. 2d 514 (203 P. 2d 522); Honea v. Coca-Cola Bottling Co., 143 Tex. 272 (183 S. W. 2d 968); Fallo v. New York, N. H. & H. R. Co., 123 Conn. 81 (192 A. 712). If there is evidence permitting a reasonable inference that the condition of the bottle had not changed since it left the manufacturer's control, res ipsa loquitur may be applied. Gordon v. Aztec Brewing Co., 33 Cal. 2d 514, supra.

The case of *Miller* v. *Gerber Products Co.*, 207 *Ga.* 385 (62 S. E. 2d 174, 52 A. L. R. 2d 155), relied upon by the defendant, is distinguishable from the case at bar since in that case there was no direct evidence that the glass found in the baby's mouth came from the can of peas which her mother was feeding her. The doctrine of res ipsa loquitur is applicable only where there are proved facts from which an inference may be drawn. In the case at bar, there was direct evidence, which was undisputed, that the tobacco was in the bottle when the plaintiff drank from it.

As distinguished from a presumption of law, such as is created by the statute in actions against a railroad for damages done to person or property by running of its locomotives or cars, which may be overcome by the introduction of evidence of the exercise of reasonable care and diligence on its part, requiring the plaintiff to produce evidence of the alleged negligence—the inference which the jury may draw from proved facts of an unusual and

extraordinary occurrence under the res ipsa loquitur rule is not overcome as a matter of law by evidence of due care. *Macon Coca-Cola Bottling Co.* v. *Crane*, 55 *Ga. App.* 573, 576 (190 S. E. 879).

If the jury see proper to draw an inference of negligence from the manner of occurrence or the attendant circumstances, the drawing of this inference is not necessarily to result in a finding for the plaintiff. It is the duty of the jury to make further inquiry as to whether this inference has been overcome by a satisfactory explanation. *Palmer Brick Co.* v. *Chenall*, 119 *Ga.* 837, 843, supra. The inference which the jury may draw from proved facts is circumstantial evidence, which the jury has before it for consideration along with all other evidence in the case. It is for the jury to weigh this evidence along with all the other evidence and determine where the preponderance of the evidence lies.

The general grounds are without merit.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. I dissent upon the grounds that there is neither evidence showing that the bottle was in the same condition in which it left the manufacturer (bottler), nor evidence from which a logical or reasonable inference or deduction can be made that it was in that condition. Therefore the evidence was insufficient.