22043.   EDWARDS v. EMPLOYERS MUTUAL LIABILITY
INSURANCE COMPANY OF WISCONSIN.

CANDLER, Justice.   The Employers Mutual Liability Insurance Company of Wisconsin issued a policy of insurance to James O. Edwards. It obligates the company to pay him or his legal representative damages not in excess of $10,000 for bodily injury, including his death, resulting from the negligent operation of an uninsured automobile by a third party. The policy also provides that if the company and the insured or his legal representative are unable to agree on the question of liability for such an injury or death, or the amount of damages which should be paid by the company for such injury or death, the matter in dispute will be submitted to and settled by arbitration in accordance with the rules of the American Arbitration Association. The insured was killed when an uninsured truck belonging to Lyman Austin which James Heard was operating for him in the prosecution of his business collided with a pickup truck he was driving. The collision occurred in Floyd County about 4½ miles west of Rome on Georgia Highway No. 20, commonly known as the West Alabama Road. Mrs. Edwards, as widow of the insured, and the insuring company were unable to agree on a settlement, and Mrs. Edwards asked for arbitration specifying therein the several acts of negligence charged against the driver of such truck. Hugh F. Newberry, an attorney of Atlanta, Georgia, was named sole arbitrator by the American Arbitration Association. After hearing all of

the evidence offered by the parties, he rendered a decision that Mrs. Edwards was not entitled to any amount as damages for the death of her husband, the insured. His decision was rendered on December 5, 1961.

Mrs. Edwards on June 16, 1962, filed a petition in the Superior Court of Floyd County to set aside the decision of Mr. Newberry on the ground that he was a partisan arbitrator, partisan in favor of the insurer and that she and her counsel had no knowledge of that fact until after he had rendered a decision against her. Respecting her position of his partisanship, her petition as amended alleges that Newberry had, until a few weeks immediately prior to the hearing of her case, been a claims examiner for several insurance companies from which employment he received his sole means of livelihood; that he was at the time of hearing and deciding her case representing a client who was asserting a claim against an insured of the defendant company and did not disclose such fact to her or to her counsel prior to the hearing of her case; and that the evidence introduced on the hearing of her case demanded a finding in her favor that her husband was killed because of the negligence of the driver of the uninsured truck. She attached to her petition as exhibits a copy of her application for arbitration and the evidence which the arbitrator heard. The defendant answered her amended petition and denied all allegations thereof relating to his disqualification and that a finding in her favor was demanded by the evidence.

The defendant moved for a summary judgment and in support of it introduced an affidavit by the arbitrator Newberry in which he said he was admitted to the bar of the State of Georgia in 1958 and began a general practice of law on May 19, 1959, in Atlanta, Georgia. Prior to entering the general practice of law, he worked for two insurance companies. First, from February 1950 to June 1956, he worked for Motors Insurance Corporation in Atlanta, Georgia, Chattanooga, Tennessee, and Augusta, Georgia, starting as an adjuster and ultimately serving as manager of that company's district office in Augusta. That company writes only first party automobile physical damage coverage and does not provide liability coverage. From June 1956 until the time of beginning a general practice of law, he was a claim examiner for Allstate Insurance Company in Atlanta. In this position he worked primarily with third party or liability claims, both automobile

and general liability. His work consisted largely of examining and supervising liability claim files and training and supervising adjusters. At the time he began a general practice of law, he had no regular insurance company clients, with the exception of Motors Insurance Corporation which work was confined to subrogation cases. He first opened an office in the William-Oliver Building, Atlanta, Georgia. In this office he was a lone practitioner, not associated in any way with any firm. He remained in that situation until February 1, 1962. During such period, he engaged in an assorted practice taking what work was available including domestic and criminal matters. The tort cases he handled, save subrogation cases, were largely confined to plaintiff's personal injury cases against defendants carrying liability insurance. On February 1, 1962, affiant joined a firm of attorneys in Atlanta. He brought no liability insurance clients to that firm. That firm by virtue of the relationship of several of the partners did and now does represent regularly several liability insurance companies, primarily Aetna Casualty & Surety Company, Cotton States Mutual Insurance Company, St. Paul-Mercury Insurance Company, and Government Employees Insurance Company. On occasion the firm has represented on defense Allstate Insurance Company, Great Central Insurance Company and International Service Insurance Company. By reason of his association with the firm, he has worked on cases involving all of the above mentioned insurance companies. Since joining that law firm, he has not been restricted in his acceptance of plaintiff's cases. He has continued to receive and handle plaintiff's damage cases. At the present time his work is probably evenly divided between plaintiff's cases and defendant's cases. At the time he heard Mrs. Edwards' case as arbitrator his work was probably divided two-thirds plaintiff and one-third defendant. He has handled two substantial claimant's cases against insurance companies under the uninsured motorist coverage before the American Arbitration Association. He has handled one case for the insurance company in which arbitration was demanded, that case being settled before hearing. He has never represented the defendant insurance company in any particular and was not acquainted with any of its personnel at the time of his award in Mrs. Edwards' case. The only dealing he ever had with that company was in representing a plaintiff against an insured of

such company and that case was pending at the time of the hearing and award in the Edwards' case and is still pending. The defendant's motion for summary judgment was granted and plaintiff excepted. *Held:*

An arbitrator's finding or award may be set aside for any unfair advantage given to either party in the hearing of the case or in the rendition of his finding or award, or for fraud on the part of the arbitrator or of either party in obtaining the award. *Code § 7-111*. Partisanship of the arbitrator as to one of the parties to the proceeding, unknown to the other party, is a ground for setting aside his finding or award; and that question when properly raised by one against whom an adverse finding or award has been made is an issue which should be submitted to a jury for its determination. *Orme v. Birney,* 95 Ga. 418 (22 SE 633). Under an act which the legislature passed in 1959 (Ga. L. 1959, p. 234; *Code Ann.* § 110-1203), a summary judgment may be rendered on proper motion therefor if the pleadings, depositions and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, but nothing in the act should be construed as denying to any party the right to trial by jury where there is a substantial issue of fact to be determined. "In arriving at a verdict, the jury, from facts proved, and sometimes from the absence of counter evidence, may infer the existence of other facts reasonably and logically consequent on those proved." *Code § 38-123*. *Beall v. State,* 68 Ga. 820; *Castleberry v. City of Atlanta,* 74 Ga. 164 (2); *White v. Hammond,* 79 Ga. 182 (4 SE 102). In the instant case there are facts and circumstances shown by the record which would in our opinion authorize a jury to infer that the arbitrator who rendered the award sought to be set aside was disqualified to serve as an arbitrator in the instant cause. This being true, the court erred in granting a summary judgment in favor of the defendant. In other words, the record shows a substantial issue of fact respecting the fairness and impartiality of the arbitrator which the court should have submitted to a jury for determination. "Partiality on the part of arbitrators is a well-recognized ground for the setting aside of awards. It is not necessary, in order to warrant the intervention of equity, that the partiality be evidenced by an unjust award. It has been held sufficient that the relationship

between the arbitrators and one of the parties is of such a nature as to give clear grounds for suspicion of their proceedings and render it unlikely that they constituted the fair and impartial tribunal to which the other party is entitled." 5 Am. Jur. 2d 652, § 181. Common justice requires that he be entirely fair to and absolutely impartial between the parties involved in the controversy submitted to him for decision.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 13, 1963—DECIDED MAY 29, 1963—
REHEARING DENIED JUNE 18, 1963.

*Fullbright & Duffey, William Green, Jr.,* for plaintiff in error.
*Rogers, Magruder & Hoyt, Floyd B. Chaite,* contra.

*Judgment reversed. All the Justices concur.*