41423. DR. PEPPER BOTTLING COMPANY v. HARRIS.

ARGUED JULY 8, 1965—DECIDED SEPTEMBER 23, 1965.

*Hatcher, Stubbs, Land & Rothschild, William B. Hardegree,* for plaintiff in error.

*Roberts & Thornton, Jack M. Thornton,* contra.

FELTON, Chief Judge. 1. The court erred in overruling the defendant's motion for a judgment n.o.v. and its motion for a new trial on the general grounds. The one question on these rulings is whether the evidence is sufficient to bring into play the maxim of res ipsa loquitur under the guide lines and standard set forth in *Macon Coca-Cola Bottling Co. v. Chancey,* 216 Ga. 61 (114 SE2d 517). A comparison of the evidence in that case and in this one leaves the answer crystal clear. In *Chancey* it is established that in a case such as this, where one obtains a bottled beverage from a cooler or container of a retailer of the

drink sold by the manufacturer to the retailer, the consumer of the drink cannot make out a case involving res ipsa loquitur by merely proving the presence of a foreign substance in a bottle which was filled, sealed and sold by the manufacturer or bottler. In such a case, and in order for the case to come up to the rationale of the original res ipsa loquitur rule, it must be proved by competent evidence that the bottled beverage was in the same condition when opened by the injured person as it was when it left the possession of the bottler. In *Chancey*, p. 68, the court said: "There was evidence offered by the plaintiff that the owner of the store bought the Coca-Cola sold in his store from the defendant, that deliveries were made three times per week; that the ice box sat under an awning in front of and adjacent to his store; that the owner locked it at night and at all times when he left the store; that the Coca-Colas sat in racks and were taken from the racks and placed in the box at night; that they were laid flat on their sides; that either the owner or his employee, Henry Bell, filled the box each night; that this was the usual and customary routine followed in handling Coca-Colas; and that there was a turn-over of the owner's Coca-Cola stock each week. The plaintiff testified that she drove up to the store, stopped her car near the ice box, asked Henry Bell, an employee of the store who was near the box, to give her a Coca-Cola; that he reached into the box, got the Coca-Cola out, opened and handed it to her. In answer to, 'Was it a full Coca-Cola?' she answered that 'It looked just like any other Coca-Cola I've ever bought,' that it had a cap on it, and that Bell opened it and handed it to her. The evidence was that Henry Bell was unable to talk because of a physical handicap and that he was for that reason not used as a witness. The defendant contends that the failure of Henry Bell to testify constitutes a missing link in the evidence, as he could have opened the bottle, placed the tobacco in it, and recapped it, and that, consequently, the evidence would not support a conclusion that the bottle was in the same condition when the plaintiff opened it as when the defendant delivered it to the market. After a careful consideration of the evidence, we are of the opinion that the evidence was sufficient to support a finding by the jury that the bottle

was in the same condition. The plaintiff's testimony that the bottle looked just like any other bottle she had ever bought, that it was full, that Henry Bell reached into the box, pulled it out, opened it, and handed it to her, and the evidence that the bottles lay in the ice box on their sides, was sufficient to authorize the jury to conclude that the bottle had not been opened since leaving the defendant's plant." In the instant case it was not proved that the cooler in which the plaintiff, himself the retailer, kept Dr. Peppers for sale, both in the top from which customers obtained bottles by coin operations, and in the storage compartment in the bottom of the cooler, was ever kept inside a closed area, or that it was ever locked if left outside a place of business not operated 24 hours a day. With this deficiency the evidence was not enough to exclude the probability that third persons tampered with the bottles in the cooler or one of them. The bottler contends that there are other deficiencies but we think the one above mentioned is sufficient to show that under the *Chancey* case the evidence was insufficient. We make no rulings as to the other claimed deficiencies. In that case it was proved that the owner locked the ice box inside the store where it was kept at night and at all times when he left the store. See also *Atlanta Coca-Cola Bottling Co. v. Burke,* 109 Ga. App. 53 (134 SE2d 909). While such specific proof might not be required in all cases of this nature, it is clear in this case that the plaintiff has failed to present "evidence permitting a reasonable inference that the condition of the bottle had not changed since it left the manufacturer's control," the general guideline laid down in the *Chancey* case.

2. Ground 4 of the amended motion for a new trial complains of the following charge to the jury: "Now, there is a doctrine under our law known as res ipsa loquitur which means the thing speaks for itself. If you find from a preponderance of the evidence that an injury occurred and that the offending instrument was owned or wholly controlled by the defendant and that neither the plaintiff nor anyone else had meddled with the instrumentality causing the injury and you further find that the occurrence was such as ordinarily would not happen in the absence of negligence, then you would be authorized to find the

defendant negligent without proof of any specific acts of negligence on the defendant's part." This exception is meritorious for the reason that the charge was not authorized by the evidence, as shown in Division 1, and it was confusing to the jury because it did not distinguish between the defendant's bottling machinery (the real instrumentality) and the bottle out of which plaintiff drank. Whether the charge was otherwise subject to exception is not decided.

3. The two other special grounds are without merit.

The court erred in overruling the defendant's motion for a judgment n.o.v. and in overruling the motion for a new trial on the general grounds and special ground 4.

*Judgment reversed with direction that a judgment n.o.v. be entered in accordance with the motion. Jordan and Deen, JJ., concur.*