45734.   KENNEDY et al. v. FRIEDMAN.

Argued November 3, 1970—Decided November 17, 1970—
Rehearing denied December 9, 1970—Cert. applied for.

106

*Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher,* for appellants.

*Congdon & Williams, W. Barry Williams,* for appellee.

HALL, Presiding Judge. For the doctrine of res ipsa to be applicable it is necessary to show that the accident was of a kind not ordinarily occurring in the absence of someone's negligence; that it was caused by an instrumentality within the control of the defendant; and that no action of the plaintiff contributed to it. *Chenall v. Palmer Brick Co.,* 117 Ga. 106 (43 SE 443); *Richmond County Hospital Authority v. Haynes,* 121 Ga. App. 537 (174 SE2d 364).

The word "control" is misleading in cases like the one sub judice. "There is now quite general agreement that the fact that the plaintiff . . . has possession of an exploding bottle . . . which the defendant has manufactured [or bottled] will not prevent the application of res ipsa loquitur when the evidence reasonably eliminates other explanations than the defendant's negligence." Prosser on Torts (2d Ed.) 206, § 42 "Where . . . a bottle explodes, the inference of negligence may still point to the manufacturer or bottler if the proof eliminates the probability of other causes, even though the mishap occurs at a time and place remote from defendant's control." 2 Harper & James, The Law of Torts, 1087, § 19.7.

The doctrine of res ipsa loquitur will apply only "when it is shown that all persons through whose hands the bottle has passed were free from fault, and that the condition of the bottle and its contents had not been changed since it left the defendant's possession." *Payne v. Rome Coca-Cola Bottling Co.,* 10 Ga. App. 762 (73 SE 1087); *Macon Coca-Cola Bottling Co. v. Crane,* 55 Ga. App. 573 (190 SE 879); *Atlanta Coca-Cola Bottling Co. v. Burke,* 109 Ga. App. 53, 59 (134 SE2d 909). The Supreme Court has used similar language: "There must be evidence from which the jury could conclude that the bottle was in the same condition when it left the manufacturer's possession as it was when it was opened." *Macon Coca-Cola Bottling Co. v. Chancey,* 216 Ga. 61, 67 (114 SE2d 517). The doctrine is not applicable "where the intervention of an intermediary cause could have produced the injury." *Parker v. Dailey,* 226 Ga. 643 (177 SE2d 44).

In a case which involved a foreign substance in a drink, this court in holding that the plaintiff failed to carry the burden, stated that "it was not proved that the cooler in which the plaintiff . . . kept Dr. Peppers for sale . . . was ever kept inside a closed area, or that it was ever locked. . . With this deficiency the evidence was not enough to exclude the probability that third persons tampered with the bottles. . . Under the *Chancey* case the evidence was insufficient." *Dr. Pepper Bottling Co. v. Harris,* 112 Ga. App. 360, 362 (145 SE2d 288).

The same problem arises with the proof required for breach of an implied warranty of merchantability under *Code Ch.* 96-3. (The injury occurred prior to the adoption of the Uniform Commercial Code).

"The existence of the warranty of course does not eliminate the necessity of proof that the product was defective when it left the defendant's hands." Prosser on Torts (2d Ed.) 509, § 84. There is no presumption that the defendant sold a defective product. It may be inferred, however, by showing that there was either no reasonable opportunity for someone else to tamper with the product or, if there were such an opportunity, no one in fact did tamper with it. See Williams v. Paducah Coca-Cola Bottling Co., 343 Ill. App. 1 (98 NE2d 164). On the issue of warranty in another bottle explosion case, New York's Appellate Division held

". . . the defendant would not be liable if the accident essentially occurred by reason of mishandling whether by plaintiff or any other person. . . [T]he burden is on the plaintiff to account for the bottle from the time of its purchase to the time of the occurrence. . . It must be remembered that the defendant did not warrant the bottle to be accident proof." Natale v. Pepsi-Cola Co., 7 App. Div. 2d 282, 284 (182 NYS 2d 404).

Here the plaintiff had the burden to produce evidence on these critical elements of his case. From the time the bottle left the manufacturer, only three people had access to it. Nevertheless, plaintiff failed to show that two of them had not tampered with, banged, or otherwise handled the bottle in such a way that it could have caused the explosion.

For this reason, plaintiff failed to prove a prima facie case either in negligence or warranty. The court erred in overruling the defendants' motion for directed verdict.

*Judgment reversed. Deen and Evans, JJ., concur.*