Quincy LAIRSEY and Frances Lairsey,
Plaintiffs-Appellants,

v.

The ADVANCE ABRASIVES COMPANY, Defendant-Appellee.

No. 75–1222.

United States Court of Appeals,
Fifth Circuit.

March 19, 1976.
Rehearing Denied April 13, 1976.

---

Edward E. Boshears, J. S. Hutto, Brunswick, Ga., for plaintiffs-appellants.

J. Thomas Whelchel, Brunswick, Ga., Joseph A. Sherman, Kansas City, Mo., for defendant-appellee.

Before BELL,[*] THORNBERRY and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

This appeal results from a trial in the Southern District of Georgia of a diversity case. Plaintiff was injured by an explosion of a grinding wheel at his place of employment in Brunswick, Georgia. Alleging negligence alone, he brought an action for damages against the manufacturer of the wheel. The jury found for the defendant. In his present appeal,[1] plaintiff alleges that the district court made an erroneous charge concerning the doctrine of res ipsa loquitur. We find no error and affirm.

In his appeal, plaintiff complains of a portion of the court's charge. The disputed portion states,

> Now if it has not been satisfactorily shown to you what caused the break of the grinding wheel and if the cause remains a mystery to you, unless it has been shown to your satisfaction the wheel broke because of the alleged negligence of the defendant, there could be no recovery.

Immediately thereafter, the court gave a concededly correct res ipsa loquitur charge.

Plaintiff alleges that the "mystery" portion of the charge was erroneous because he was relying on the doctrine of res ipsa loquitur. Under plaintiff's theory, res ipsa is applicable only when the actual cause of the accident is unknown —"a mystery." Plaintiff contends that the mystery charge required a finding of an actual event of negligence for him to recover and, therefore, was inconsistent with res ipsa.

In determining whether there was error, the charge must be viewed as a whole. *Delancey v. Motichek Towing Service,* 427 F.2d 897 (5th Cir. 1970). Had the charge stated only that if the cause of the accident was a mystery there could be no recovery plaintiffs would be correct in alleging error.[2] The charge, however, contains more. Plaintiff's position ignores the qualifying

* This opinion was concurred in by Judge Bell prior to his resignation from the Court on March 1, 1976.

1. Plaintiff also has pending in this court an appeal, No. 75–8164, from the district court's denial of a Fed.R.Civ.P. 60(b) motion. The district court denied the motion on the grounds that it was untimely. This court consolidated plaintiff's two appeals for oral argument. At oral argument, however, the parties appeared to be unaware of the consolidation and had filed no briefs on the denial of the Rule 60(b) motion. Argument was not held on that issue. Since that time briefs have been filed, and we believe that oral argument would be helpful on the Rule 60(b) question, and, therefore, we vacate our order consolidating the appeals so that the Rule 60(b) question can be argued.

2. We assume without deciding that in this case the res ipsa loquitur charge was proper. There is, however, substantial doubt as to whether res ipsa applies in a case such as this one where defendant did not have continuous control over the object causing the injury. *See, Richmond County Hospital Authority v. Haynes,* 121 Ga.App. 537, 174 S.E.2d 364 (1970); *Macon Coca Cola Company v. Chancey,* 216 Ga. 61, 114 S.E.2d 517 (1960).

phrase "unless it has been shown to your satisfaction the wheel broke because of the alleged negligence of the defendant." In short, the mystery charge applied only if the jury did not find the defendant negligent. Immediately after the mystery charge, moreover, the court properly instructed the jury that they could infer negligence of the defendant by res ipsa. In Georgia, the law is well established that res ipsa is merely a method of demonstrating defendant's negligence. *Parker v. Dailey,* 226 Ga. 643, 645, 177 S.E.2d 44 (1970); *Macon Coca Cola Company v. Chancey,* 216 Ga. 61, 67, 114 S.E.2d 517 (1960). While the court's charge would have been clearer had the mystery discussion been omitted, we feel that properly read the charge means that if the jury found there was insufficient evidence of the negligence on defendant's part, including any evidence that might have been provided by the doctrine of res ipsa, then the plaintiff should not recover.

The judgment of the district court is Affirmed.