[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action for personal injuries arising out of her attendance at the defendants' weight loss program. The defendant has moved to strike the fourth count of the complaint which alleges, in part, that the conduct of the plaintiff constitutes the unauthorized practice of medicine without a license in violation of Chapter 370 of the Connecticut General Statutes.
The court agrees that the violation of General Statutes 20-9, for which a criminal penalty is provided in General Statutes 20-14, does not create a private right or action. See Nowak v. Nowak,175 Conn. 112, 25 (1978); Vaughn v. Internal Medicine P.C.,4 CSCR 137 (December 12, 1988, Quinn, J.)
The defendant has also moved to strike the fifth count of the complaint, which alleges a violation of the Connecticut Unfair Trade Practices Act ("CUTPA") on the grounds that the allegations allege damages for personal injuries and do not allege loss of "any ascertainable loss of money or property, real or personal" as required by General Statutes 42-110g. While a CUTPA claim may not be appropriate to recover damages for personal injuries, the CT Page 4783 complaint does allege expenditures for medical bills and for the price of the course itself which constitute an "ascertainable loss of money." Hov v. Westland Inc., 4 CSCR 729 (September 28, 1989, Thompson, J.).
Accordingly, the motion to strike the Fourth Count of the complaint is granted. The motion to strike the Fifth Count of the complaint is denied.
RUSH, J.