BOYD *v.* BOYD.

No. 8243. JULY 20, 1931.

**144**

*E. R. King* and *Ben M. Turnipseed,* for plaintiff.

*James W. Harris,* for defendant.

HINES, J. ■ In the first special ground of the motion for new trial the plaintiff contends that the judge erred in permitting Crumbley to testify, over objection that the defendant, while living on the land sought to be partitioned by the plaintiff, claimed the premises as his own, the ground of objection being that this was testimony of a self-serving declaration. The defendant set up prescriptive title by adverse possession for more than twenty years. In view of this fact, his declaration while in possession in favor of his own title was admissible to prove his adverse possession. Civil Code (1910), § 5767.

■ The court charged the jury "that where, in the opinion of the jury, the evidence on each side is equally balanced, where the jury believe the witnesses on each side equally credible, where the jury believe that the evidence is just as strong on one side as on the other, then the preponderance of the evidence would not be carried." The plaintiff excepted on the ground that this charge was misleading to the jury, and was not a charge upon any principle of law involved in the case. The judge defined preponderance of evidence as it is defined in the Civil Code of 1910, § 5731. He further gave in charge section 5732, which prescribes the method of determining where the preponderance of the evidence lies, except the language contained in the first phrase in that section, for which he substituted the language that in determining the credibility of the witnesses the jury might consider all the factors mentioned in that section. In view of the instructions

defining what is meant by preponderance of evidence, and laying down the method by which the jury should determine where the preponderance lies, we do not think that the charge here dealt with was error requiring a new trial.

■ The court charged the jury as follows: "Now, gentlemen, you consider whether or not W. A. Boyd is a son of W. L. Boyd, and settle that. See what the evidence is on that question; see whether or not there is any evidence touching the marriage of W. L. Boyd to the woman claimed to be the mother of W. A. Boyd. Marriage may be proved by general reputation and by general repute in the community where the parties reside. Look to all the evidence to see whether it is shown to your satisfaction whether W. A. Boyd is a legitimate son of W. L. Boyd. If you find that he is not, you stop there. If you find that he is a legitimate son of W. L. Boyd, then you see and determine whether W. L. Boyd was the owner of that land at the time of his death." To this instruction the plaintiff excepted upon the ground that it submitted to the jury the issue whether plaintiff was the son of W. L. Boyd, when there was no evidence to sustain the allegation of the defendant's answer that the plaintiff was not the son of W. L. Boyd, and when the undisputed evidence showed that the plaintiff was the son of W. L. Boyd. This instruction was not error for the reason assigned. Under the allegation of the answer denying that the plaintiff was the son of W. L. Boyd, and under the evidence, the above issue was raised, and it was properly submitted to the jury by this instruction.

■ The court charged the jury as follows: "If you find that J. D. Boyd paid for the land, though the deed was in W. L. Boyd, and J. D. Boyd remained in possession of the land, as he claims, twenty-six years, and his father recognized it as his land, you would say, 'We, the jury, find for the defendant,' without specifying any amount, and that would mean that the title was in J. D. Boyd." To this instruction the plaintiff excepted upon the ground that the same was misleading and confusing; that it was a statement of a principle of law not applicable to the facts and issues in the case; that the court should have given to the jury the essentials requisite for possession to ripen into a prescriptive title; that the defendant in his answer alleged that he had acquired title by prescription, by reason of his having been in adverse

■

possession of the land for twenty-six years, and under this allegation the court should have given to the jury an accurate statement of the law relating to title by prescription; and that the court wholly failed in his charge to define to the jury the necessary factors which were required to constitute prescriptive title arising from adverse possession. We are of the opinion that the judge erred in giving the above instruction, as it was misleading and confusing, and not properly adjusted to the issues involved in the case; and that he erred in failing to give to the jury a proper instruction informing them what constitutes title by prescription arising from adverse possession of land for twenty or more years.

As we grant a new trial upon the ground just stated, it is unnecessary to pass upon the general grounds of the motion for new trial. *Judgment reversed. All the Justices concur.*