25237.  GRAY *v.* JACKSON.

DECIDED JULY 9, 1936.

*William E. Spence, A. Walton Nall,* for plaintiff.
*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

BROYLES, C. J.  Mrs. B. F. Gray brought an action for damages against Mrs. J. S. Jackson, alleging that the driver of Mrs. Jackson's truck negligently ran over and killed the plaintiff's son, an unmarried man 34 years of age, who left no wife or children, and that the plaintiff was wholly dependent on him for her support. After the introduction of evidence by both parties, the court directed a verdict for the defendant, and subsequently overruled the plaintiff's motion for new trial.

■ The evidence as to what caused the death of the plaintiff's son was wholly circumstantial. No eye-witness to the accident

testified, and, so far as the evidence shows, no person, not even the driver of the truck, saw the deceased when he collided with the truck. A witness, Brown, who was standing some distance away when the accident happened and who did not see the collision between the truck and the deceased, testified that he "never heard any horn blown or any bell rung or gong sounded prior to the crash," but he did not testify that the horn, bell, or gong was not blown or sounded, and there was no affirmative evidence that the operator of the truck did not sound an alarm. There was no evidence showing that the truck was exceeding the speed limit, or was on the wrong side of the road, or ran off the road, or was being driven in any improper or unlawful manner at the time of the accident. There was no evidence, direct or circumstantial, showing that the deceased was on the highway when the truck was approaching him. On the contrary, the evidence when reasonably construed tended to show that the deceased was not on the highway in *front* of the truck when he received the injuries which caused his death. According to the undisputed evidence, the body of the deceased was found after the accident only two or three feet from the edge of the pavement on the right side of the highway, which would indicate that the truck was traveling on the proper side of the road. It was testified that "the point where the body lay was right close to the back end of the truck," which would indicate that the truck, which was heavily loaded with nine mules, must have been traveling slowly to stop within such a short distance. It was further shown by the evidence that there was no obstruction to prevent the deceased from seeing the truck as it approached, which would tend to show that the deceased by the exercise of ordinary care could have avoided being injured. Brown testified that he had seen the deceased three or four times that afternoon, and "had taken a drink or two with him," that he last saw the deceased "at the telephone post," but that he did not know how far the telephone post was from the edge of the concrete. There was no evidence of any dent or blood on the front of the truck. Evidently the telephone post referred to was not on the paved part of the highway; so the deceased must have been off the paved part before the approach of the truck. It is not unreasonable to infer from the foregoing evidence that the deceased was to the right of the road and off the paved portion

when the truck was approaching him, and when it came beside him he stepped on to the road and stumbled or lurched into the side of the truck and received the injuries which caused his death. This is at least a reasonable hypothesis in view of the evidence. Since the plaintiff, in a case of this character, does not have the benefit of a statute similar to the railroad prima-facie negligence statute, the mere fact that the truck may have struck and killed the deceased does not raise a presumption of negligence against the operator or the owner of the truck, and the circumstantial evidence adduced was insufficient to show that the death was caused by any negligence of the operator of the truck or of the owner thereof. "When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not, in this reasonable sense, submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims; and for this, the facts shown must not only reasonably support that conclusion, but also render less probable all inconsistent conclusions. . . It is required that the circumstances relied upon be not only consistent with the conclusion sought to be established, but also inconsistent with every other reasonable hypothesis." *Georgia Railway & Electric Co.* v. *Harris,* 1 *Ga. App.* 714, 717 (57 S. E. 1076).

The court did not err in directing the verdict or in overruling the motion for new trial based on the general grounds only.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*