## 26875. WIMPY v. ROGERS.

68

Decided June 9, 1938.

*Young H. Fraser, Wright & Covington,* for plaintiff in error.
*Maddox & Griffin,* contra.

FELTON, J. Mrs. Ola Rogers brought suit for damages against Miss Birdie Wimpy as owner and operator of the Rome Dental Parlors, for the death of her husband, alleged to have been caused by the negligence of her agent in the extraction of her husband's teeth, the negligence alleged being the use of instruments which had not been properly sterilized, that no antiseptic was placed on the gums to prevent infection, and that no instruction was given to her husband as to the care of his mouth. The jury returned a verdict for the plaintiff. The court overruled a motion for new trial, and the defendant excepted.

The evidence did not authorize the verdict, and the overruling of the motion for new trial was error. The defendant swore positively that each and every instrument used in the operation on the patient in this case was sterilized. The testimony of the witness who swore that he was present when the work was done, to the effect that the dentist operating did not sterilize the instruments in his presence and that the dentist did not leave the room during the operation, would not overcome the positive evidence of the defendant, because the instruments could reasonably have been sterilized before the witness went to the dental rooms. There was no evidence from which a jury could have inferred that no antiseptic was put into the patient's mouth after the operation. The following is the only testimony on the subject: "On both occasions, before the dentist injected the substance in Mr. Rogers' gums, I did not see the dentist in charge . . use any antisep-

tic or liquid on the gums before this deadening substance. Had he done so I would have seen it. I don't know whether he used a mouth-wash; but some water, he taken some water out of a glass that he got out of a faucet, and washed his mouth out after he pulled his teeth. That was just an ordinary water-faucet. He did not put anything in that glass of water before he did that. That was after he pulled his teeth. I did not see him take that little spray on the side of the chair and spray his mouth out with it before he pulled the teeth. I think I would have seen him if he had, and I didn't see him do that. I didn't see him spray his mouth out with anything." This evidence was wholly insufficient to authorize a finding that no antiseptic, in any form, was used by the dentist. Since the rule of res ipsa loquitur does not apply in a case of this kind, the jury was not authorized to find from the death itself, caused by infection of the blood stream beginning in the mouth, that the defendant and her agent, the dentist, were negligent. *Branch* v. *Anderson,* 47 *Ga. App.* 858 (171 S. E. 77); *Fincher* v. *Davis,* 27 *Ga. App.* 494 (108 S. E. 905). See annotation in 69 A. L. R. 1148, to Ernen *v.* Crofwell, 272 Mass. 172 (172 N. E. 73); Nevinger *v.* Haun, 197 Mo. App. 416 (196 S. W. 39), where the facts were similar to those in this record. The evidence here showed the patient's teeth were badly infected, all of them having to be pulled. There was evidence that the infection began under the tongue at a place removed from the gums. There was also expert testimony that infection might result where every precaution had been used. The cases of *Chapman* v. *Radcliffe,* 44 *Ga. App.* 649 (162 S. E. 651), and *Radcliffe* v. *Maddox,* 45 *Ga. App.* 676 (165 S. E. 841), relied on by the defendant in error, are not in point, because there was positive evidence in those cases on which an inference of negligence might be based.

The other headnotes require no elaboration.

*Judgment reversed. Sutton, J., concurs.*

STEPHENS, P. J., concurs in the judgment and in the first three rulings, but dissents from those in headnotes 4 and 5.