## 44637. RICHMOND COUNTY HOSPITAL AUTHORITY v. HAYNES.

ARGUED SEPTEMBER 8, 1969—DECIDED FEBRUARY 4, 1970—
REHEARING DENIED APRIL 1, 1970—

*Fulcher, Fulcher, Hagler, Harper & Reed, Gould B. Hagler,* for appellant.

*Lanier, Powell, Cooper & Cooper, L. Valdi Cooper, L. E. Maioriello,* for appellee.

HALL, Judge. ■ The defendant enumerates as error the charge of the court on the doctrine of res ipsa loquitur contending that it did not apply in this case. Proper objection was made by the defendant after the charge and before verdict. Both the plaintiff and the defendant argue at length over whether this is a malpractice suit. In our opinion this is fallacious argument over terminology. In the strict technical sense perhaps a corporation cannot be considered "a person professing to practice surgery or the administering of medicine." *Code* § 84-924. However, it is common knowledge that hospitals do in fact administer medical treatment. *Williams v. Hosp. Authority of Hall County,* 119 Ga. App. 626, 627 (168 SE2d 336).

While this court has stated in the past that res ipsa loquitur could not be applied in a malpractice case, it usually qualified the statement by using the phrases in a "suit such as this" or "a case of this kind." *Hayes v. Brown,* 108 Ga. App. 360, 367 (133 SE2d 102); *Wimpy v. Rogers,* 58 Ga. App. 67 (197 SE 656). Furthermore, they have involved claims against physicians, surgeons or dentists rather than a negligence claim against a hospital. In any event, we do not intend to become anesthetized by labels. The issue here is whether the doctrine is applicable under the facts in this case.

Three separate elements can be found in the usual statement of the doctrine of res ipsa loquitur: (1) the injury must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff. *Atlanta Coca-Cola Bottling Co. v. Danneman,* 25 Ga. App. 43 (102 SE 542); *Macon Coca-Cola Bottling Co. v. Chancey,* 216 Ga. 61 (114 SE2d 517).

When applied to the general run of malpractice cases, the first cannot usually be shown. Here the severe wounding and

nerve damage to the wrists of a comatose diabetic patient was so unusual that all the doctors who testified said they had never seen such a thing before and that they would not have expected such a result if the restraints were used in a normal, proper way. We can therefore say the injury could not ordinarily have happened unless the restraints were misused. Also, it is without dispute that the restraints were in the exclusive control of the hospital. Finally, any pressure or straining by plaintiff against the straps cannot be considered voluntary action in the light of his comatose condition. See Restatement, Torts 2d, Vol. 1, § 2 (comment a). The facts of this case make it an appropriate one for the application of res ipsa loquitur.

Defendant further contends that plaintiff has lost the benefit of the doctrine by introducing evidence of specific acts of negligence. This court has said that where ". . . there is an incomplete explanation of the facts of the occurrence in dispute to the extent that the 'true cause is still left in doubt or is not clearly shown,' the doctrine of res ipsa loquitur remains in the case, leaving to the jury a permissible inference of negligence for them to accept or reject." *Harrison v. Southeastern Fair Assn.*, 104 Ga. App. 596, 608 (122 SE2d 330).

Here, although plaintiff has introduced evidence tending to show that the proximate cause was the lack of care of the hospital in applying and maintaining the straps, defendant has elicited testimony that the hospital did not in fact depart from the prescribed routines for use of restraints. With this conflict of evidence, it cannot be said that the true cause is not left in doubt. The charge on res ipsa loquitur was proper.

■ A ground in the defendant's motion for new trial was that the court erred in not requiring plaintiff to respond to the following questions and in sustaining his counsel's objection thereto: "Now starting in the early part of the summer of '65, you received $225 a month social security, didn't you?" The plaintiff contended that the evidence had no relevance to any issue in the case. The parties agree that the evidence was not admissible to show mitigation of damages, but the defendant argues it was admissible for the limited purpose of showing the plaintiff's motive for absence from work. In actions under

the Federal Employers' Liability Act and a longshoreman's action against a ship owner, the Federal courts have held that evidence of the plaintiff's receipt of railroad retirement, public assistance, social security, and veteran's pension benefits is not admissible to show the plaintiff's motive for not returning to work. Eichel v. New York Central R. Co., 375 U. S. 253 (84 SC 316, 11 LE2d 307); Caughman v. Washington Terminal Co., 345 F2d 434 (D.C. Cir. 1964); A. H. Bull Steamship Co. v. Ligon, 285 F2d 936 (5th Cir. 1960). The United States Supreme Court has stated: "In our view the likelihood of misuse by the jury clearly outweighs the value of this evidence. Insofar as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value and involving less likelihood of prejudice than the receipt of a disability pension." Eichel v. New York Central R. Co., supra, p. 255. State courts also have held such evidence is not admissible on the question of duration of disability to show motivation for absence from work. Traders & General Ins. Co. v. Reed (Tex. Civ. App.), 376 S. W. 2d 591. We agree with the decisions of the Federal and State courts excluding such evidence.

■ The defendant's enumeration of error that the trial court erred in not granting a new trial on the ground the verdict was excessive is without merit. *Yale & Towne, Inc. v. Sharpe,* 118 Ga. App. 480, 492 (164 SE2d 318).

■ The defendant complains of the admission of testimony by a lay witness that the sores on the wrists of the plaintiff were deep, over objection that it constitutes an opinion and conclusion of the witness. In connection with this statement the witnesses described in detail the physical appearance of the plaintiff's wrists. The trial court did not err in overruling the motion for new trial on this ground. *General Gas Corp. v. Whitner,* 110 Ga. App. 878 (7) (140 SE2d 227).

■ As to the contention that the trial court erred in charging *Code* § 38-119, no objection was made at the trial and we are of the opinion that the alleged error was not "harmful as a matter of law" under *Code Ann.* § 70-207 (c). *Royal Frozen Foods Co. v. Garrett,* 119 Ga. App. 424 (4) (167 SE2d 400).

■ The evidence did not demand a verdict for the defendant.

The trial court did not err in overruling its motion for directed verdict, motion for judgment notwithstanding the verdict or the general grounds of its motion for new trial.

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*