## 49590. TUGGLE et al. v. HOSPITAL AUTHORITY OF GWINNETT COUNTY.

EVANS, Judge.

Hines William Tuggle became ill during the early hours of February 12, 1971. His wife tried to call his family doctor, and the doctor's wife answered and suggested that he be taken to the hospital, and she would alert her husband. He was admitted to the Button

Gwinnett Hospital as Dr. Martin's patient by nurses at 4:10 a.m., complaining of chest pain and pain in both arms. His blood pressure and pulse were normal. No doctor was on duty.

Dr. Martin, Tuggle's personal physician and a member of the hospital staff, had suffered a heart attack recently and had left instructions that he not be disturbed at night because he needed his rest unless it was of "monumental necessity." He gave to the nurses on duty at the hospital certain procedures to follow when patients were admitted at night, as in this case, of an undiagnosed chest pain. After Tuggle was admitted, Dr. Martin's standard procedure was followed. He was not called, nor did the hospital call any other doctor to see Tuggle. He was given certain medication at 4:20 a.m. and again at 5:05 a.m. by the nurse, and at both times his blood pressure was taken and found to be normal.

Slightly after 8:00 a.m. a nurse found Tuggle cyanotic (turning blue), and he appeared to have trouble with lack of oxygen. Standard emergency treatment, including heart massage, mouth to mouth resuscitation, and drugs were administered to no avail. He was pronounced dead at 8:45 a.m. of myocardial infarction, as shown by the death certificate signed by Dr. Martin, who never saw the patient.

Mrs. Gladys B. Tuggle, individually, and as executrix of the estate of William Tuggle, sued the Hospital Authority of Gwinnett County, Georgia, which operated the Button Gwinnett Hospital, for the wrongful death of her husband, in the amount of $100,000. She alleged her husband died as a result of the negligence of the hospital and staff after due notice of his chest pain and myocardial infarction, in failing and refusing to provide the degree of care necessary for the treatment of the patient's condition and in failing to call or obtain the services of a doctor after repeated requests to do so.

Defendant answered, and admitted jurisdiction, the operation of the hospital by it, the fact that Tuggle was admitted as a patient, the administration of medication and treatment, and his subsequent death; but it denied any negligence or failure to provide service or improper treatment or any responsibility for his death.

Trial was held, and the jury returned a verdict in favor of defendant. After judgment, plaintiff filed a motion for new trial which was amended, heard and overruled. Plaintiff appeals.

During the trial, plaintiff placed Dr. Martin on the stand as plaintiff's witness, who testified that the treatment accorded Tuggle by the hospital and the nurses was the exact treatment that he would have administered had he been present. *Held:*

1. The first complaint is as to the failure of the court to charge the jury on the doctrine of res ipsa loquitur (that is, that negligence is presumed upon the mere happening of an event). *Central R. Co. v. Blackman,* 7 Ga. App. 766, 771 (68 SE 339). The injury must be of unusual and extraordinary nature and of the kind which ordinarily does not occur in the absence of someone's negligence; caused by an agency or instrumentality within the exclusive control of defendant, and must not have been due to any voluntary action or contribution on the part of the plaintiff. *Atlanta Coca Cola Bottling Co. v. Danneman,* 25 Ga. App. 43 (102 SE 542); *Macon Coca Cola Bottling Co. v. Chancey,* 216 Ga. 61 (1), 64 (114 SE2d 517); *Richmond County Hospital Authority v. Haynes,* 121 Ga. App. 537, 541 (174 SE2d 364).

The patient died of a heart attack. There is no evidence that the medication given the patient precipitated the heart attack, or that he was not already suffering from heart difficulties. The case of *Hospital Authority of St. Mary's v. Eason,* 222 Ga. 536 (150 SE2d 812), cited by plaintiff, is clearly distinguishable as there the patient was severely burned while allegedly under the care of the hospital. And it is *authority* that a charge on res ipsa loquitur should *not* have been given rather than that the evidence demanded such charge. The court did not err in refusing to charge, in a case such as this, on the doctrine of res ipsa loquitur. *Hayes v. Brown,* 108 Ga. App. 360, 367 (133 SE2d 102); *Wimpy v. Rogers,* 58 Ga. App. 67 (5) (197 SE 656).

2. The only other ground that is argued concerns the sufficiency of the evidence. Did the patient die solely and proximately because of the absence of a staff physician whose absence was due directly to the act or

omission of the hospital? While admittedly Dr. Martin was on the staff of the hospital, he was also the patient's doctor, and the patient was admitted as the doctor's patient. The plaintiff offered evidence (by Dr. Martin as her witness) that authorized the jury to find that failure to have Dr. Martin present did not cause or contribute to Tuggle's death, because Dr. Martin swore that if he had been present he could have rendered no treatment other than that performed by the hospital and nurse. Thus, Tuggle would have died whether or not a doctor was present, hence there was ample evidence to support the verdict.

3. Since no other enumeration of error is argued, the others are deemed abandoned.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 3, 1974 — DECIDED OCTOBER 23, 1974 — REHEARING DENIED NOVEMBER 14, 1974 — ■

*Harrison & Garner, G. Hughel Harrison,* for appellants.

*Greene, Buckley, DeRieux & Jones, Burt DeRieux, Gregory J. Digel,* for appellee.