## 51173. HILL v. HOSPITAL AUTHORITY OF CLARKE COUNTY et al.

CLARK, Judge.

This tort suit was filed in behalf of Linda S. Hill by

her guardian ad litem against five defendants. They were the Hospital Authority of Clarke County, and four doctors, who are respectively an obstetrician, an internist, a surgeon and an anesthesiologist. The complaint alleged joint and concurring acts of negligence by the five defendants which resulted in the plaintiff sustaining brain damage causing her to be permanently incapacitated. After a trial over a period of six weeks and one day the jury returned a verdict for all defendants. A motion for a new trial and a motion to enter judgment for plaintiff notwithstanding the verdict on the issue of liability alone were denied. This appeal is from the denial of those motions.

The trial record and transcript totals 5,797 pages. Additionally, the exhibits include two technical books, one of 505 pages and the other of 155 pages. This represents the most voluminous file in the 70 years of the existence[1] of our court.

Our opinion will provide a condensation of the facts followed by a division of the twenty-two enumerations of error into sections according to subject matter.

### Facts

The young woman plaintiff was 22 years old at the time of the unfortunate events which resulted in her being permanently paralyzed. Being pregnant she was under the care of a physician who was not available at the time she was referred to the defendant obstetrician. Observing the patient to have developed serious symptoms of toxemia of pregnancy the obstetrician admitted her to the Athens General Hospital. On February 8, 1968, defendant obstetrician surgically removed a healthy male child by caesarean section. During the next few days that plaintiff remained in the hospital she began to show signs of jaundice which rapidly worsened. The obstetrician called in a specialist in internal medicine. The internist's diagnosis was possible pulmonary emboli. He ordered her to be placed in the hospital's intensive care unit to enable careful monitoring of the patient's heart. Thereafter,

---

[1]The previous record was 3,411 pages in *Geiger v. State,* 129 Ga. App. 488 (199 SE2d 861).

defendant surgeon was consulted and he determined the problem was obstructive jaundice. This required an operation known as an exploratory laparotomy which was performed on the sixth day after the birth of the child. The anesthesiologist defendant performed his specialty and after surgery was completed accompanied the patient to the recovery room. There he connected her to a Bird respirator which he adjusted to automatic control. He then gave necessary instructions for the continued care.

A Licensed Practical Nurse (LPN) was in charge of the recovery room. She was an employee of the hospital and had been a regular recovery room employee for about 18 months with training in this type of work. Some time later, a surgical technician who was not qualified as either a Practical or Registered Nurse entered the recovery room. While the two women were engaged in conversation the LPN noticed that she did not hear the sound of the Bird respirator in operation. Thereupon she immediately administered heart message. Other heroic efforts were made, including an emergency telephone call for a physician which was placed by the surgical technician. After an erroneous call to the emergency room the proper Code 99 was sounded for the recovery room. There is a dispute as to the time which ensued prior to the arrival of the house doctor who found that the two hospital employees had taken proper measures which he continued. The patient was revived but unfortunately had sustained permanent brain damage which left her in a vegetative state, her body alive but her brain gone.

### I. Jury Selection

(1) "A big part of the battle is the selection of the jury, and an impartial jury is the corner-stone of the fairness of trial by jury." *Melson v. Dickson,* 63 Ga. 682, 686. Recognizing this maxim, the able advocates for both plaintiff and defendants conducted a complete and exhaustive voir dire of the individual jurors. Appellant's first five enumerations of error attack the trial court's rulings as to five specific veniremen.

(a) Prior to commencement of the voir dire examination inquiry was made by the court of the entire

panel as to reasons for inability to serve in a lengthy trial. The court excused two jurors who did not have legal excuses which appellant contends was error. Appellees point out the list contained 108 names and only the first 56 were called before the desired number of 28 was selected and qualified. One of these jurors carried No. 65 and the other No. 97. Thus, the court's decision could not be considered harmful. Moreover, as was pointed out in *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 161 (141 SE2d 189), "A party to a lawsuit has no vested interest in having any particular juror to serve; he is entitled only to a legal and impartial jury."

(b) Two enumerations (3 and 5) contend the court erred in overruling plaintiff's motions seeking to disqualify two jurors whose families had been patients of the internist defendant. The answers of these two veniremen during the extensive voir dire of each demonstrated that this fact would not impede their ability to be impartial, to consider the issues based on the evidence and to make fair decisions. As such, they were qualified. See *Williams v. State,* 177 Ga. 391, 411 (170 SE 281) and cits. The trial judge has a discretion in determining whether a juror can decide the case in accordance with the evidence presented during the trial and without bias or partiality or outside influences. Unless there is manifest abuse we cannot require a new trial. *American Oil Co. v. Studstill,* 132 Ga. 56 (207 SE2d 553). Moreover, one of these two jurors served only as an alternate and as such did not participate in the deliberations.

(c) The foregoing principles would apply also to the fourth enumeration which avers the court erred in sustaining the defendants' motion to disqualify a juror who expressed bias against the medical profession as a whole. The expressed views of this female juror showed she could not be impartial so the trial judge properly struck her name from the venire panel.

## II. Instructions to the Jury

The prodigious industry and thorough preparation of counsel was shown in that plaintiff submitted more than 114 requests to charge and defendants tendered 27 suggested instructions. At the end of the sixth week of

trial, court and counsel held a Saturday session for consideration and decision upon these requests. Assignments numbered 7 through 21 aver error either as to the instructions or as to the court's refusal to give plaintiff's requests in the language or substantial language submitted. Enumeration No. 16 has been withdrawn. We will deal with the others in numerical order.

(1) Enumeration No. 7 finds fault with the court's charge as to the effect of equally balanced evidence. This followed an instruction to the jury in the statutory language as to the burden of proof by a preponderance of the evidence. The instruction was correct. *Boyd v. Boyd,* 173 Ga. 139, 144 (2) (159 SE 674) held that "In view of the instructions defining what is meant by preponderance of evidence, and laying down the method by which the jury should determine where the preponderance lies, we do not think that the charge here [as to treatment where the evidence on each side is equally balanced] . . . was error requiring a new trial." See also *Southern R. Co. v. Smalley,* 116 Ga. App. 356, 358 (3) (157 SE2d 530) and *Holland v. Tootle,* 124 Ga. App. 186, 187 (1) (182 SE2d 898).

(2) Enumeration No. 8 contends the court erred in instructing the jury on the subject of circumstantial evidence. We find no error as the court's language is in accord with *Ga. R. &c. Co. v. Harris,* 1 Ga. App. 714, 717 (57 SE 1076) and *Baldwin v. Ga. Automatic Gas Co.,* 85 Ga. App. 767, 775 (70 SE2d 108).

(3) An interesting proposition is submitted in the ninth enumeration of error in that appellant's able advocate expressly stated to the court that "I want to except to the law which has been honored for so many years, that is a presumption that doctors have performed their professional functions in accord with proper techniques. I do that for this reason, that it occurs to me that the theory that doctors or any other persons exercising scientific undertakings of one kind or another are judged by jurors who are ordinary lay people and not by jurors who are doctors and that this presumption has always been unnecessary and one that was never proper at all." (T. 4002).

In our court appellant expressly requests that we overrule a series of cases beginning with *Fincher v. Davis,* 27 Ga. App. 494 (2) (108 SE 905) and continuing through *Anderson v. Crippen,* 122 Ga. App. 27 (176 SE2d 196). These and other cases (the most recent being *Kenney v. Piedmont Hospital,* 136 Ga. App. 660) rule that there is a presumption that medical or surgical services were performed in an ordinarily skillful manner and the burden is on the plaintiff patient to show failure to exercise due care and skill.

While urging us to overrule these cases, counsel recognizes that the Supreme Court of Georgia in *Shea v. Phillips,* 213 Ga. 269, 271 (2) (98 SE2d 552) stated "In an action brought by a patient against his physician or surgeon for malpractice, the presumption is that the medical or surgical services were performed in an ordinarily skillful manner, and that the burden is on the one receiving the services to show a want of due care, skill and diligence." In his erudite fashion counsel traces the cases cited therein which the Supreme Court relied upon to reach its conclusion. He then cites older Supreme Court cases which he contends are controlling over *Shea v. Phillips,* supra, under the "full bench rule" contained in Code § 6-1611 so that the earlier cases should prevail over the *Shea v. Phillips,* supra, ruling.

After the date of counsel's briefs in the instant appeal the "full bench rule" was abolished by our Supreme Court in *Hall v. Hopper,* 234 Ga. 625 (3) (216 SE2d 839). Thereafter, in *Houston v. Lowes of Savannah, Inc.,* 235 Ga. 201, 203 (219 SE2d 115) the court wrote: "The fact that [named cases] were 'full bench' decisions is no longer a controlling factor," and then went on to say that a case "being later in time is the more persuasive decision." Therefore, we are now bound by the latest Supreme Court pronouncement as made in *Shea v. Phillips,* supra, and do not undertake to consider the earlier decisions cited by appellant.

Moreover, in *Hall v. Hopper,* supra, p. 631, the Supreme Court did recognize that "Stability and certainty in law are desirable; stare decisis is a valid and compelling basis of argument." "For it is an established rule to abide by former precedents where the same points

come again in litigation: as well to keep the scale of justice even and steady, and not liable to waiver with every new judge's opinion. . ." Blackstone's Commentaries 69 (Sharswood Ed. 1886). Accordingly, we decline to overrule our previous decisions on this now firmly established principle.

(4) The tenth enumeration excepts to that portion of the charge reading as follows: "I charge you that a. hospital does not guarantee the results of a treatment or operation, and that in the absence of negligence as a matter of fact or as a matter of law on the part of the hospital or its employees or agents, proof simply that an operation or treatment is different in its outcome from that expected, or is followed by disastrous instead of beneficial results neither establishes nor supports an inference of lack of proper care, skill or diligence on the part of the employees of the hospital." (T. 3980). In addition to attacking this language appellant includes in this enumeration a failure to give plaintiff's request to charge No. 40 which sought to spell out the hospital's duty.

The language of the charge is in accord with the general principles of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence. *Gay v. Jackson,* 55 Ga. App. 658 (187 SE 229); *Minkovitz v. Fine,* 67 Ga. App. 176 (19 SE2d 561). See also *Young v. Yarn,* 136 Ga. App. 737 (1975).

The court here applied to the defendant hospital the same principles which have been held proper in medical professional negligence cases. Thus, in *Hayes v. Brown,* 108 Ga. App. 360, 363 (1) (133 SE2d 102) our court stated that "A doctor is not an insurer and an unintended result does not raise even an inference of negligence." Similarly, in *Branch v. Anderson,* 47 Ga. App. 858, 860 (171 SE 771) we quoted from 21 RCL 392 that "The fact that treatment has resulted unfavorably does not raise even a presumption of want of proper care, skill or diligence." See also *Bryan v. Grace,* 63 Ga. App. 373, 379 (11 SE2d 241).

Furthermore, as is pointed out at page 21 of appellee's brief, other portions of the charge substantially covered the principle which plaintiff had requested and in fact contained language as favorable if not more so to

plaintiff than that in this request. In short, the substance of this request was charged. We therefore find no merit in this enumeration.

(5) Similarly, we find no merit in the eleventh enumeration which avers error in the court's failure to charge plaintiff's request No. 44 regarding health regulations. The charge as given by the court covered the application of the doctrine of negligence per se to violation of health regulations. "It is not error to refuse a request to charge, or to fail to give it in the exact language thereof, when it is adequately covered in the general charge. [Cits.]" *Maloy v. Dixon,* 127 Ga. App. 151, 163 (193 SE2d 19).

(6) We have examined the portion of the charge attacked by the twelfth enumeration with reference to the manner in which the jury is to treat opinion testimony from non-experts and experts. We find no error therein. " 'The comparative value of opinion evidence of expert and non-expert witnesses is for the jury.' *Fisher Motor Car Co. v. Seymour & Allen,* 9 Ga. App. 465 (3) (71 SE 764)" as quoted in *Southern Mut. Inv. Corp. v. Langston,* 128 Ga. App. 671, 675 (197 SE2d 775). See also *Dobbs v. State,* 214 Ga. 206, 208 (5) (104 SE2d 121).

(7) The thirteenth enumeration excepted to the failure of the court to charge plaintiff's request No. 46 relating to results of medical treatment being so pronounced as to constitute an exception to the general rule requiring expert medical testimony to show negligence respecting the service of a physician or surgeon to his patient. The facts here did not warrant an exception to the general rule which is stated in Headnote 4 of *Pilgrim v. Landham,* 63 Ga. App. 451 (11 SE2d 420) that "the proper standard of measurement is to be established by testimony of physicians; for it is a medical question." In accord are *Mayo v. McClung,* 83 Ga. App. 548 (1) (64 SE2d 330); *Hayes v. Brown,* 108 Ga. App. 360 (1b) (133 SE2d 102); *Andrews v. Smith,* 112 Ga. App. 144 (2) (144 SE2d 176); *Murphy v. Little,* 112 Ga. App. 517 (1) (145 SE2d·760).

(8) The next two enumerations (14 and 15) deal with the refusal to charge plaintiff's requests numbers 48 and 49 wherein plaintiff sought to have the res ipsa loquitur

doctrine made applicable to the defendant hospital.

Appellant relied upon *Richmond County Hosp. Auth. v. Haynes,* 121 Ga. App. 537 (174 SE2d 364). A reading of this *Richmond County Hosp. Auth.* case makes clear that our court limited the application of this doctrine to the special facts of that case. In other decisions involving hospitals, decided before that case, our court held that the evidence did not warrant application of the "thing speaks for itself" doctrine. *Stansfield v. Gardner,* 56 Ga. App. 634, 647 (8) (193 SE 375); *White v. Executive Committee of Baptist Conv.,* 65 Ga. App. 840 (16 SE2d 605). When our court ruled in *Hospital Authority v. Eason,* 113 Ga. App. 401 (148 SE2d 499) that the doctrine there applied, we were reversed on this point in *Hospital Authority v. Eason,* 222 Ga. 536 (150 SE2d 812). The most recent hospital case ruling the doctrine to be inapplicable is *Tuggle v. Hosp. Auth.,* 133 Ga. App. 318, 320 (1) (211 SE2d 167). Generally, of course, the doctrine of res ispa loquitur does not apply to medical professional cases. *Wimpy v. Rogers,* 58 Ga. App. 67, 69 (197 SE 656); *Hayes v. Brown,* 108 Ga. App. 360, 367, supra; *Young v. Yarn,* 136 Ga. App. 737 (1975); and Starr v. Fregosi, 370 F2d 15 (5th Cir. 1967).

On the evidence in this case the trial court was correct in refusing to charge the doctrine of res ipsa loquitur.

(9) Enumeration No. 17 attacks the court's refusal to give a lengthy request to charge wherein the plaintiff spelled out the details of its contentions of negligence on the part of Athens General Hospital. The same attack is made in enumeration No. 18 wherein plaintiff complains that the court refused to give a total of eighteen special requests in which plaintiff detailed her contentions of negligence as to each of the doctor defendants.

We have examined the individual requests to charge and find no error. The trial judge charged the jury sufficiently as to plaintiff's contentions. The individual requests are argumentative or otherwise improper to be contained in jury instructions. "A request to charge must embody a correct, applicable and complete statement of law, legal and perfect in form and adjusted to the pleadings and evidence; it must not be argumentative or seek an expression of opinion on the part of the court; and

it must not be so phrased as to have tendency to confuse and mislead the jury or to becloud the issues in the case. [Cits.]" *Cohen v. Sapp,* 110 Ga. App. 413, 415 (138 SE2d 749).

(10) The nineteenth enumeration avers the trial court erred in instructing the jury "that ordinarily a physician or surgeon on the staff of a hospital is not an employee of such hospital in the rendering of medical services, and the hospital is not responsible for the acts of the physician in rendering professional services." (T. 3981).

This instruction is a proper statement of a correct principle of law and is substantially the language approved by this court in *Clary v. Hosp. Auth.,* 106 Ga. App. 134 (1) (126 SE2d 470). Appellant contends this accepted principle should not have been charged in this case because of the relationship created by the by-laws of the Hospital Authority and its rules and regulations of the medical staff. We hold the trial court did not err in this respect.

(11) The twentieth enumeration objected to the following instruction: "I charge you that a physician is not necessarily expected in the exercise of good medical practice to remain at the bedside of a patient during such patient's stay in the hospital or in a hospital recovery room. The doctor may leave the actual fulfillment of his prescribed treatment to others less skilled if this be in accordance with the practice of the profession generally under the same or similar circumstances." (T. 3984). Plaintiff's objection to this charge was based upon the contention that the anesthesiologist "knew or could have known even in the exercise of slight care that there was a lack of capacity on the part of [the licensed practical nurse in charge of the recovery room] in addition to lack of statutory authority for her to attend Linda in the hospital recovery room." (T. 4010-4011).

We adopt the position stated in the appellees' brief at page 37 from which we quote as follows: "Actually, the charge as given by the Trial Judge is not as positive as the principle of law would authorize. The true rule is that a physician or surgeon is not expected to remain in constant attendance at the patient's bedside, but may leave to

others the duty of carrying out his prescribed treatments, with the right to assume that nurses employed by the hospital are competent to perform the duties to which they are assigned. *Porter v. Patterson,* 107 Ga. App. 64 (129 SE2d 70) and the recent case of *Su v. Perkins,* 133 Ga. App. 474 (211 SE2d 421). Here the trial judge modifies this principle by saying that the physician is not *necessarily* expected to remain at the patient's bedside, and that he 'may leave the fulfillment of his prescribed treatment to others less skilled, *if this is in accordance with the practice generally under similar circumstances.*' (Emphasis supplied.)

"An instruction to the jury which correctly presents the law applicable to a theory raised in the case by the defendant can not be held erroneous merely because the court did not, in the same connection, instruct the jury as to the contentions of the plaintiff. *Jeter v. Davis,* 33 Ga. App. 733 (1) (127 SE 898)."

(12) The twenty-first enumeration of error is without merit as the trial judge charged correctly on the principle of foreseeability. See *Feldman v. Whipkey's Drug Shop,* 121 Ga. App. 580, 581 (2) (174 SE2d 474) and citations therein.

### III. Motions

(1) The sixth enumeration avers error in the denial of the plaintiff's motion for new trial as amended. The principles governing our consideration of this enumeration are stated in *Sebolt v. Cheesborough,* 127 Ga. App. 254, 260 (6) (193 SE2d 238). They require us to hold the trial court did not err in denying plaintiff a new trial.

(2) The final (22nd) enumeration contends the court erred both (a) in overruling plaintiff's motion at the conclusion of all of the evidence for a direction of a verdict in favor of plaintiff and against all defendants on the issue of liability and (b) in failing to grant plaintiff's motion for judgment notwithstanding the verdict. We find no error. Our view is that the questions of negligence as to the hospital and each physician defendant were for the jury to determine. The evidence was in conflict and did not demand a verdict for plaintiff. Code Ann. § 81A-150 (a); *State Farm Mut. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187

SE2d 878). "The verdict being authorized by the evidence, the overruling of the motion for judgment notwithstanding the verdict was not error." *Johnson v. Fulmer,* 129 Ga. App. 317 (199 SE2d 639).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED OCTOBER 8, 1975 — DECIDED JANUARY 9, 1976 — REHEARING DENIED FEBRUARY 17, 1976 —

*Levine, D'Alessio & Cohn, Sam F. Lowe, Jr., Gerard & Matthews, William T. Gerard,* for appellant.

*Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame, Eugene A. Epting,* for appellees.